Robert L. Firth,  CSB # 231432

30877 Date palm Drive,  Suite B-3

Cathedral City, CA 92234

Tel:  760 - 770 - 4066

Fax:  760-770-4006

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

Chapter 7

Case No.: 10 - 21656

In Re:

## BRIAN W. DAVIES,

Debtor

---

## DEBTOR'S OBJECTION TO

## MOTION FOR RELIEF FROM STAY

### Filed By:  "OneWest Bank FSB"

The Debtor herein, BRIAN W. DAVIES, by and through his Counsel hereby respectfully files his Objection to Motion for Relief from the Automatic Stay, filed apparently on 23 September 2010 by mailing from Michigan, by the Movant "OneWest Bank, FSB" [hereinafter: "OneWest"].  Curiously, Movant OneWest does not state or make a claim that it is the Owner or Holder of any Note, nor does Movant claim any capacity to invoke the authority of this Court, nor does Movant claim any beneficial interest in any Deed of Trust.

Of equal peculiarity, Movant has not filed any Proof of Claim, nor is Movant listed as a creditor on any Schedule of the Debtor, either as secured or unsecured creditor. Indeed, it seems that Movant is a complete stranger to the Petition and this Court.

Movant further incorporated with its Motion at least in part the following documents:

1.    Real Property Declaration, allegedly signed by "Brian Burnett" on 20 September 2010, in Austin, Texas;  Burnett describes himself as an "Assistant Vice President" of Movant;

2.    Proof of Service, apparently signed by "Angela Milliman" of Bloomfield  Hills, Michigan, mailed "9/23/10";

3.    "TitlePoint Tax Search," printed "7/2/2009"; apparently by an entity styled as "Lender Processing Services";

4.    Deed of Trust, in 18 pgs, apparently recorded on "11/17/2006";

5.    "Note," dated November 16, 2006, with loan number marked over and made illegible;

6.    Assignment of Deed of Trust,  dated "9/20/10," represented to be in favor of Deutsche Bank National Trust Company, as Trustee, again represented to be signed by "Brian Burnett";

7.    Server print sheet, printed "09/16/2010";

8.    Copy of unamended Schedule D of Debtor, filed 9/12/10;

9.    Movant's Motion, represented to be signed by "Christopher J. Hoo" dated 9/23/10, in Sherman Oaks, California.

Upon inspection, none of the proffered exhibits submitted by Movant "OneWest" seem to support the contention that Movant has any claim or interest to advance, nor that Movant is aggrieved by Debtor, nor that Movant is a creditor of Debtor.  Additionally, upon close inspection it further appears that the authenticity of the documents proffered as supporting Exhibits by Movant is very much in doubt.

2

A.    **Standing**.

The Note exhibit proffered by Movant represents that the "Lender" is the entity "Universal American Mortgage Company of California, A California Corporation" [hereinafter: "UAM"]. If the exhibit is to be believed, it would lead to the conclusion that the Note is now a "bearer instrument" by virtue of apparently being Indorsed "in blank." Curiously, no representation is being made by Movant that it is in physical possession of this or any Note. Movant makes no suggestion that the Note belongs to Movant by Negotiation, as defined in California Commercial Code § 3201 (UCC § 3-201).

Assuming *arguendo* that the Note is a "negotiable instrument," it is noted that a fundamental feature of negotiable instruments is that they are transferred by the delivery of possession, not by contract or assignment. The transfer of an instrument "vests in the transferee any right of the transferor to enforce the instrument..." CComC § 3203; UCC § 3-203.

Before proceeding further herein, Movant OneWest must show that it is the holder of the note and the mortgage to entitle it to enforce the note, including bringing this relief from stay motion. Accord, *In re Foreclosure Cases,* 521 F. Supp.2nd 650, 653 (S.D. Ohio 2007): ("to show standing....the plaintiff must show that it is the holder of the note and the mortgage at the time the complaint was filed.")

In an apparent effort to buttress its unusual claims herein, Movant has graced this Court with an "Assignment of Deed of Trust" [Item # 4 referenced above]. However, upon inspection this "Assignment" bears a date of "9/20/10," which is **after** the commencement of this Debtor Petition. Pursuant to 11 U.S.C. Sec. 362(a)(4), the manufacture of this "Assignment" is an "act to create, perfect, or enforce [a] lien against property of the estate," and is a strictly prohibited act, punishable by the imposition of Sanctions.

In the alternative, the manufacture of this "Assignment" may also be properly viewed by this Court as an "act to create, perfect or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title," 11 U.S.C. § 362(a)(5), and is a strictly prohibited act, punishable by the imposition

3

1    of Sanctions.

2        Notwithstanding the above, and assuming *arguendo* that the "Assignment" is a
3    believable document, an inspection of the "Assignment" would suggest that the new assignee
4    of the Deed of Trust would be the entity "Deutsche Bank National Trust Company," pursuant
5    to a certain "Pooling and Servicing Agreement dated March 1, 2007" [hereinafter: "PSA
6    Agreement"]. No explanation is forthcoming as to why an underlying Agreement dated in
7    March 2007 only now leads to an Assignment of the Deed of Trust in September 2010.
8    Additionally, Movant has not chosen to provide this Court with a certified copy of the PSA
9    Agreement of March 2007. Indeed, there seems to be nothing at all that Movant has provided
10   this Court that would lend even the remotest credibility to the contention that Movant has
11   some fleck of interest in the subject matter of this Petition that would provide it Standing
12   before this Court.

13       Standing is a "threshold question in every federal case, determining the power of the
14   court to entertain the suit."    *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2nd 343
15   (1975). Hence, "a defect in standing cannot be waived; it must be raised, either by the parties
16   or by the court, whenever it becomes apparent." *U.S. v. AVX Corp.*, 962 F.2nd 108, 116 n. 7 (1st
17   Cir. 1992). The inquiry into standing "involves both constitutional limitations on federal-court
18   jurisdiction and prudential limitation on its exercise." *Warth v. Seldin*, 422 U.S. 490, 498.
19   "In its constitutional dimension, standing imports justiciability: whether the plaintiff has made
20   out a 'case or controversy' between himself and the defendant within the meaning of Article
21   III." *Id.*

22       Apart from this minimum constitutional mandate, the Supreme Court recognizes other
23   limits on the class of persons who may invoke the courts' decisional remedial powers. *Id.* at
24   499, 95 S.Ct. 2197. These prudential limitations are self-imposed rules of judicial restraint. To
25   obtain relief in federal court, a party must meet both the constitutional requirements (standing)
26   and the prudential requirements (including real party in interest). *Morrow v. Microsoft Corp.*,
27   499 F.3rd 1332, 1339 (Fed.Cir. 2007); see also *In re: Village Rathskeller, Inc.* 147 B.R. at 668
28

1   for the proposition that "[t]he concept of standing subsumes a blend of constitutional

2   requirements and prudential considerations."

3        So far, Movant has failed to show that it has, or indeed ever had, any interest in the

4   Note at issue. *In re Hayes*, 393 B.R. 259 (Bankr.D.Mass.2008). In that case, the court found

5   that the Movant lacked standing altogether to bring the motion because it failed to show that

6   the note was ever transferred to it, and thus had no rights of its own to assert. Id. at 266-68;

7   accord, *In re Maisel*, 378 B.R. 19, 20-22 (Bankr.D.Mass.2007) (denying standing where

8   movant did not acquire the note until after filing motion for relief from stay).

9

10  **B.      The proffered Note appears bogus.**

11       In an effort to buttress its representations, Movant has graced this Court with what is

12  apparently represented to be a copy of a Note of Debtor [item # 5 listed above]. Yet an

13  examination of the "Note" as proffered leads to disturbing conclusions. The Note appears to

14  be manufactured for the purposes of this Hearing.

15       The Document, titled as "Interest-Only Period Fixed Rate Note," has the "Loan

16  Number" marked out so as to render the number illegible, an alteration for which no

17  explanation is offered. Debtor believes that this was done to obscure from the Court that the

18  loan number does not correspond with any loan number within the represented

19  "securitization" that Movant would have this Court infer.

20       Continuing past that element, the Debtor notes that its copy was mailed in hard-copy

21  form by Movant from an address in Michigan [see: "Proof of Service," document item # 2 on

22  List, pg. 2 herein]. The first page of the "Note" shows a blank-paper background. Yet the

23  second page of the Note shows a "stippled" background that is typical of some sort of

24  "security paper." The third page of the Note again shows a blank-paper background. The

25  fourth page of the Note {containing the apparent signature of Debtor and two disjointed

26  "Indorsements") shows yet again a "stippled paper" background. Curiously, there is even a

27  fifth page of this version of the Note, which again contains "stippled-paper" background, and

28  appears to contain a "stamp on a stamp" or two (2) stamps over each other, with a signature,

1  that would at first glance seem to be yet another Indorsement.

2       The conclusion is obvious and compelling: the variations in the pages of paper

3  demonstrate that this is not any original Note, nor even a copy of an original Note, but instead

4  is a version specially manufactured for the purposes of this Hearing.

5       Equally disturbing is the sequence of placement of what would presumably be

6  intended to be Indorsements onto this Note. The Note, to the extend any of it can be believed,

7  specifies that the entity "Universal American Mortgage Company of California, a California

8  Corporation" is the "Lender." Yet the very first stamp (an apparent Indorsement) below the

9  signature lines would seem to Indorse the Note from the entity "Opteum Financial Services

10  LLC" [hereinafter: "Opteum"] to the entity "IndyMac Bank, F.S.B." [hereinafter: "IndyMac"].

11  Yet neither Opteum nor IndyMac are parties to the Note as contained within the four corners

12  of the Instrument, nor for that matter by virtue of any other or ancillary document.

13       The signing of this stamping is alleged to be of one "Casey Limp, Assistant Vice

14  President", yet an "assistant" VP is not an authorized Indorser of a Note pursuant to the

15  requirements of the Uniform Commercial Code; only an "Officer," designated as President,

16  Vice President, Secretary, or Treasurer is so authorized. For an "assistant" to be authorized,

17  the Instrument requires the firm attachment of a certified document of authorization, which

18  remains quite absent herein.

19       The second stamping on the Note, bizarrely displaced to the right and lower from the

20  first, and thus leaving quite a bit of blank space, is what appears to be a stamping from

21  "IndyMac" to nobody. Such a stamping is by convention determined to be an "in blank"

22  Indorsement, and transforms the Instrument into bearer paper. However, the stamping is

23  violative of long-established U.C.C. Rules and Convention requiring consecutive Indorsers to

24  place their marks directly in succession to one another, without spacing, so as to avoid

25  problems of document falsification, a protocol that has evolved from the Law Merchant of

26  four hundred years ago.

27       The third stamping on what is represented to be a Debtor's Note is even more

28  disturbing. Here, on a separate sheet of paper, the Movant represents an apparent Indorsement

1   from "UAM" by signature of "Darlene Fajardo, Asst Secretary" to a blank entity, and then

2   over to the right of the stamp and quite outside its boundaries, there is yet a further stamp

3   bearing the name "Opteum." This stamping suffers from the lack of supporting authority as

4   found previously with the "Opteum" stamping, in that there is no certified self-authenticating

5   document that would support the authority of an "assistant" to endorse a Note (indeed, there is

6   nothing at all in support, certified or otherwise). The stamping is entirely bereft of any

7   supportive details.

8        But equally compelling, there is nothing before this Court that would suggest that this

9   "Stamping" even has anything at all to do with this Note. An examination of the Proffered

10  Note (or what Movant would represent to this Court is a Note, notwithstanding the paper

11  problems described above) seems to represent in very small typeface on the bottom, "Page 1

12  of 4," "Page 2 of 4," "Page 3 of 4," and finally "Page 4 of 4." The "stamping" sheet is not one

13  of the four pages, and has just appeared out of nowhere.

14       Nor can the additional page be considered as some form of "allonge." An Allonge, or

15  "a lengthening of the Note," only comes into play when all the blank faces of the Note are

16  fully occupied by prior Indorsements, and thus leaves no room for yet further Indorsements.

17  Yet here, if the Note is to be believed, *the very first Indorsement* would be represented by

18  Movant to have been made by the mechanism of an Allonge, on a separate and unrelated sheet

19  of paper (and on a stippled backing that is not present on the first page of the Note).

20       All this leads to a disturbing conclusion: the proffer of Movant is not a "Note" of

21  Debtor, and whatever it is, it has the fingerprints of having been specially manufactured and

22  altered for the specific purposes of inducing this Court to embark on a course of action

23  favorable to Movant and to the detriment of Debtor without any foundation.

24

25  **C.    The proffered Deed of Trust appears bogus.**

26       Movant has further graced this Court with a document exhibit described as a "Deed of

27  Trust" in eighteen pages, which would at casual glance seem to reflect a Recorded Instrument

28  upon the Official Records of the County of Riverside, recorded on "11/17/2006." Yet once

again, upon close examination, it becomes apparent that the Document is altered, defaced and manufactured for purposes to inure to the benefit of others to the detriment of Debtor.

**(i) the initials are altered and substituted.**

The various pages of the "Deed" seem to contain, as apparent authentications, the "mark" or initials of Debtor Brian Davies in the lower right-hand corner of the pages where changes to the document were made.

Proceeding through the pages, the reader observes that on page 1 of 18, the "B" commences with the top left of the upper loop, and the "D" has a full round form with the vertical line of the "D" made by a tight whorl. Yet page 2 of 18 shows a "B" where the commencement is contained within the vertical stroke, then loops back to form the top whorl, then loops out to form the downstroke of the "D" in succession. Page 5 of 18 shows an initial where the "B" commences as a separate stroke from the vertical line displacement, and the "D" contains no whorl. Variations continue throughout the document.

**(ii) the document is defaced.**

On the front page the Loan Number is marked out with a broad-brush indelible ink overlay to render it unreadable. The "loan number" is again marked out on page 15, the "Planned Unit Development Rider" attached to and integral with this document. No explanation is offered by Movant why this document would be defaced, and Debtor believes that the true reason is that Movant knows, and seeks to obscure, that there is no cross-reference to the loan number in any other document associated with Movant: this loan is not contained within any parcel or securitization or pool of loans that Movant would control, manage, or have an interest in.

**(iii) the Borrower is descriptively altered after Making.**

The proffered "Deed" also bears the disturbing defacement on page 1 of 18 in Section (B), where the original would state as "Definition:"  "Borrower" is Brian Davies A Married Man... The defacement is a series of overstrikes where "DAVIES" is obliterated and "W. DAVIES" is inserted above, and the notation "a single man" is added to the end. These defacements then are purportedly "initialed" in what is represented to be the Debtor's initials,

1 | except that yet once again upon close inspection the initials in construct do not comport with
2 | those found elsewhere within the very same document; here the vertical stroke of the "B" is a
3 | separate single line, and the "D" instead of being rounded is made with the body in the shape
4 | of a horizontal "V". The vertical stroke of the "D" is also not made as a whorl or loop, as
5 | found elsewhere.

6 |      The apparent rationale for this post-signing defacement and alteration would seem to
7 | lie in the community-property Statutes of the State of California; the Debtor at that time
8 | (2006) was in divorce proceedings with his precedent wife, and without her Release from
9 | Claim the divorcing spouse would have rights to the property adverse to that of Debtor, yet the
10 | divorcing spouse was not made a signatory to the Instrument. It appears that, in a belated
11 | effort to "clean up the papers," the Document was altered and defaced and pages removed and
12 | other pages inserted with fresh initials, subsequent to signing and prior to recordation - a set of
13 | events that would render the document unenforceable.

14 |      The conclusion is compelling: this Document, represented to be the original-signed
15 | version of the Deed of Trust, has been altered and defaced subsequent to any signing by the
16 | Debtor, by persons unknown to Debtor.

17 |      As the authenticity of the document is very much in question, and the document
18 | authentications are inherently contradictory, no reliance by this Court can be placed upon the
19 | proffer of Movant.

20 |

21 | **D.    The proffered Assignment of Deed of Trust is bogus.**

22 |      Movant has proffered to this Court by attachment to its Motion a document entitled
23 | "Assignment of Deed of Trust," represented to be dated on "9/20/10." This is item # 6 in the
24 | listing on page 2 hereinabove. The Document appears to represent that the "Assignment" is
25 | made by the entity "Mortgage Electronic Registration Systems, Inc. [hereinafter: "MERS"] as
26 | nominee for Universal American Mortgage Company of California ["UAM"]" and is signed
27 | by one "Brian Burnett" as "assistant Vice President" of MERS. In actuality, Debtor maintains
28 | that "Brian Burnett" is not and never was an employee of MERS, is not on the payroll of

1  MERS, reports to no one at MERS,  does not have an office, desk, chair, or even telephone at

2  MERS, presumably has never even set foot in the premises of MERS, but instead sits in Texas

3  as an employee of someone else.

4       Moving past that little tidbit of authenticity, an examination of the document reveals,

5  as was remarked upon hereinabove, that it was manufactured by Movant for the specific

6  purpose of presentation to this Court.  It was manufactured *after* the commencement of this

7  Debtor's Petition, and *after* the imposition of automatic stay specifically forbade such moves.

8       To attempt to fathom the construct motive behind this manufacture, an inspection of

9  the Document reveals that it recites a reference to a "certain Deed of Trust dated November

10  16, 2006, executed by Brian W. Davies **a single man**..." [emphasis added]. At this point the

11  Document would facially conform to the document proffered as the "Deed of Trust."

12       However, in California property law the Deed of Trust, as a Security Instrument,

13  follows the Note; The security instrument without the Note is a nullity and not enforceable in

14  isolation. *Dunmore v. United States*, 358 F.3rd 1107, 1112 (9 Cir. 2004). Prudential standing

15  requires that the complaining party must assert his own legal interests as the real party in

16  interest; the legal interest is demonstrated by the Note.  If the Assignment is to be believed,

17  then up until "9/20/10" the Note was the property of the entity "UAM" [Universal American],

18  otherwise MERS would have no authority to transfer or assign anything. MERS by its

19  representation acts as nominee for Universal American - and nobody else.

20       Yet the Assignment is curiously in counter-pose to a certain recorded document *also*

21  titled as "Assignment of Deed of Trust," yet that Recorded version is apparently dated

22  "8/10/2009," and recorded in the Official Records of the County of Riverside as Document

23  No. 2009 - 0434707, a copy of which is appended hereto for the Court's inspection.  This

24  "Assignment," yet a year earlier than the one proffered by Movant, would "assign" to the *very*

25  *same* Deutsche Bank the beneficial interest in the "certain Deed of Trust of 2006" executed

26  this time around by "Brian Davies," (not "Brian W. Davies a single man"), from Universal

27  American.

28

So the Court is confronted with **two** "Assignments" both emanating presumably from "MERS" as nominee for Universal American, both in favor of Deutsche Bank, both referencing the same pass-through certificates, yet with one describing the Trustor as "Brian Davies" and the later version of Movant describing the Trustor as "Brian W. Davies a single man."

Now the additional problem facing Movant, which Movant has offered no explanation of, is that there is **yet another document** styled as "Substitution of Trustee" that has surfaced, this one apparently dated "10/16/2009" which Debtor further attaches as Exhibit hereto for the Court's inspection.  In this "Substitution" document, and remembering that this was a full year before Movant's proffer to this Court, the entity "Deutsche Bank" substituted the remote entity "NDEx West, L.L.C." as Trustee under the Deed of Trust.

So the Court is confronted with a chain of Documents that would, on their face, remove "MERS" as Beneficiary in favor of Deutsche Bank on 8/10/2009, then have Deutsche as Beneficiary substitute NDEx West LLC as Trustee in displacement of Universal American, and then a year later along comes Movant with its proffer attempting to represent that "MERS" [remember, this was removed in August 2009] as nominee for Universal [remember, Universal was removed in October 2009] "assign" the security instrument to Deutsche.

There can only be one conclusion: Movant induced Brian Burnett to manufacture a fraud upon this Court, and Movant has willingly and knowingly graced this Court with a deliberately fraudulently-manufactured document in an effort to persuade and induce this Court to undertake steps to its advantage and to the detriment of Debtor.

**E.    The "Real Property Declaration" of Brian Burnett in support of Motion is not made on personal knowledge.**

Incorporated in Movant's documents in support of its Motion for Relief from Automatic Stay is a certain "Real Property Declaration" apparently signed, or at least represented to this Court to be signed, by "Brian Burnett," who declares (Section 1) the he is

11

"employed by Movant as Assistant Vice President." The Declaration [which was previously referenced herein as Item #1 at pg. 2] makes the claim that the signer, Burnett, has "personal knowledge of the matters set forth in this declaration" {para. 1}. Further, Burnett avers that he has "knowledge regarding Movant's interest in the real property that is the subject of this Motion." {para. 1}. From this, the Court would infer that Burnett's personal testimony would be expansive in an Evidentiary Hearing, to elucidate the Court on these points in controversy.

Burnett further declares that he is a "custodian of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor(s) (*sic*) concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge..." [emphasis added]. Burnett then goes on to describe all manner of accounting entries. What is peculiar about this "Declaration" is that apparently "OneWest Bank FSB," Burnett's employer here, by whatever derivative status one might imagine that would place OneWest in the position of being the "custodian of books and records...kept in the ordinary course of business," as Burnett avers, would have apparently achieved this derivative status consequent to the "Assignment of Deed of Trust" manufactured on 20 September 2010, signed by the same Mr. Brian Burnett, allegedly, on the same day as the Declaration was signed.

Put more trenchantly, to the extent "OneWest" developed its custodial authority over books and records flowing from the "Assignment of Deed of Trust" to OneWest's master, OneWest was "on deck" as the custodian for but a few minutes, at which point Burnett signed his Declaration.

Nonetheless, in but the brief space of a few minutes on 20 September 2010, Brian Burnett developed sufficient familiarization with the books and records to be able to aver "of his personal knowledge as custodian" as to the accuracy of the statements and accountings contained therein. That is a truly amazing feat of prescience.

12

There is no need for this Court to delve at length into the Declaration of Brian Burnett; he has no credibility in this averment. Yet the Court would note a further disturbing detail, to be gleaned from the documents proffered by Movant. The "Assignment of Deed of Trust," dated 9/20/10, bears what is represented to be the signature of "Brian Burnett" here as Assistant Vice President of Mortgage Electronic Registration Systems Inc. Yet the "Real Property Declaration" of Brian Burnett, also dated Sept. 20, 2010, bears a different signature. The two documents were signed by different hands.

While the signatures facially appear similar, upon close inspection the signatures are quite different. In the "Assignment," the signature stroke starts with a slash from right to left, then a whorl loop off to the upper left, and thence a flowing bold rounded back-loop towards the bottom right.  In the "Declaration," the signature instead starts off with a series of near-horizontal flat strokes, with sharp angles and hooks at the stroke change points, and then a forward swirl commencing from the mid-point down to an angulated "vee," thence back upward to a feathered termination.  It becomes apparent that two persons signed the two documents.

It would be appropriate, then, for this Court to order *sua sponte* an Evidentiary Hearing wherein Brian Burnett is Ordered to appear before it and to furnish an Affidavit describing his employment over the last three years, so that the Court can ascertain the dates of employment and rates of remuneration as a Vice President of, first, the entity Mortgage Electronic Registration Systems Inc. of Michigan, and second, the entity OneWest Bank FSB in an apparent office in Texas, together with a description of his travels between these two Offices and Entities.  Further, Brian Burnett can then testify to enlighten this Court as to how it comes to pass that, for the fleeting moments of 20 September 2010 when the Assignment and the apparent custodial authority of "OneWest " confluenced, Mr. Burnett came to develop such extensive knowledge of, and was able to compile and maintain records of, the apparent relationship of Debtor to OneWest, as Burnett has averred in his Declaration. Mr. Burnett

13

could also enlighten this Court by testimony as to how it comes to pass that the Assignment of 20 September 2010 would have Authority, given that on 16 October 2009 the Beneficiary flowed to another and MERS was no longer the Nominee for Universal American Mortgage, who in turn was no longer the Trustee for the Deed of Trust after that date.

This Court has the inherent broad authority to Order *sua sponte* the appearance of declarant Brian Burnett, to preserve the proper administration of justice. See: *In re Vargas*, 393 B.R. 701 (Bankr.C.D.Cal.2008) (finding that the declarant was a low level clerk who was not competent to provide any relevant testimony contained in his declaration).

At this point, given the Documents before the Court, neither the Debtor, nor the Chapter 7 Trustee, nor the U.S. Trustee, nor this Court, can determine how these transfers, substitutions, and Assignments could have taken place.

**CONCLUSION**

The entity "OneWest Bank FSB" does not demonstrate any document to support its implied claim that it has standing to enforce any promissory Note or any Deed of Trust. Movant has not filed a Proof of Claim to support its contentions; OneWest is not a creditor recited on any schedule; the Assignment of Deed of Trust dated 9/20/2010 does not recite OneWest as trustee, and further is patently bogus. Movant is not a "real party in interest" pursuant to Rule 17 of the Federal Rules of Civil Procedure, required pursuant to Bankr. Rule 4001, which in turn requires that motions for relief from automatic stay be made in accordance with Rule 9014, which in turn incorporates by reference Rule 7017, which provides: "Rule 17 F.R.Civ.P. applies in adversary proceedings..." *In re Kang Jin Hwang*, 396 B.R. 757, 766.

Debtor notes that this Court may raise, absent even any representation by Debtor, *sua sponte* the real party in interest qualifications of Movant; the Court's authority to do so is

14

specifically supported in *Weissman v. Weener,* 12 F.3rd. 84, 85-86 (7th Cir. 1993) (affirming the district court's raising sua sponte the Rule 17 issue).

By observation, it becomes apparent that:

(1) the proffered "Note" is bogus, with pages having been removed from the Original and substituted, the altered and defaced Instrument then proffered to this Court by Movant under the guise of being genuine;

(2) the Deed of Trust is bogus, with the Instrument having been altered after signing by the Debtor, the alterations falsely initialed, and pages removed from the Instrument, others substituted, and fresh "initials" falsely placed thereon, all prior to Recordation;

(3) the "Assignment of Deed of Trust" is bogus, a falsity manufactured for the express purpose of deceiving this Court;

(4) the "Real Property Declaration" is bogus, not being made on personal knowledge, not being made by any custodian of books and records, and signed by some person with a different signature than that represented to be on the "Assignment of Deed of Trust;"

(5) Movant is utterly a stranger to this Debtor's Petition, not being a listed creditor and not having filed any Proof of Claim, yet still attempts to interpose itself into matters of this Estate;

(6) the Documents proffered by Movant, if they are to believed at all, would tend to the conclusion that Movant is not the real party in interest and has no Standing to even invoke the authority of this Court, and is not a party aggrieved by any act of the Debtor.

**WHEREFORE,** the Debtor would enter his Objection to Motion for Relief from Automatic Stay, filed by Movant "OneWest FSB," and would ask that the Motion be DENIED, with prejudice; and

THAT this Court Order and schedule an Evidentiary Hearing wherein Messrs. Hoo and Burnett are summonsed before it, to explain the alterations and substitutions to the Note, the alternations, defacements and substitutions to the Deed of Trust, the foundational basis for the creation and submission of the "Assignment" dated "9/20/10," an explanation as to the signatures found upon the various documents that do not seem to match, and an explanation as to how the Assignment of Deed of Trust dated 8/10/09 and Recorded 8/20/09, together with the Substitution of Trustee dated 10/16/09, interconnect with the other documents proffered by Movant to this Court. And further that, should an explanation of proper probity not be forthcoming, that this Court *sua sponte* Order, Brian Burnett, and Movant to show cause why an Order of Sanctions should not issue.

Dated:  05 October 2010                    Respectfully submitted,

BRIAN DAVIES, Debtor

BY:  Robert L. Firth, CSB # 231432

Law Offices of Robert L. Firth

30877 Date Palm Drive, Suite B-3

Cathedral City, CA 92234

Tel:  760 - 770 - 4066

16

EXHIBIT 1

IVA

**DOC # 2009-0434707**
08/20/2009 08:00A Fee:12.00
Page 1 of 1
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

Recording requested by:
LPS Default Title & Closing

When Recorded Mail To:
NDEx West, L.L.C.
15000 Surveyor Boulevard, Suite 500
Addison, Texas 75001-9013

**\*ASSG20090159**
ASSG20090159908346

| S | R | U | PAGE | SIZE | DA | MISC | LONG | RFD | COPY |
|---|---|---|------|------|-----|------|------|-----|------|
| M | A | L | 465 | 426 | PCOR | NCOR | SMF | NCHG | EXAM |
| | | | | | T: | | CTY | UNI | |

T
061

Trustee Sale No.: 20090159908346    Title Order No.: 090480135

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE RESIDENTIAL ASSET SECURITIZATION TRUST 2007-A5, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-E UNDER THE POOLING AND SERVICING AGREEMENT DATED MARCH 1, 2007. all beneficial interest under that certain Deed of Trust dated 11/16/2006, executed by BRIAN W. DAVIES, as Trust or to UNIVERSAL AMERICAN MORTGAGE COMPANY, LLC, Trustee, and Recorded on 11/17/2006 as Instrument No. 2006-0853245 of Official Records in the County Recorder's office of RIVERSIDE County, California. Describing land therein: AS DESCRIBED IN DEED OF TRUST MENTIONED ABOVE.

Together with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated
8/10/2009

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. AS NOMINEE FOR
UNIVERSAL AMERICAN MORTGAGE
COMPANY OF CALIFORNIA

Suchan Murray
Authorized Signatory

State of **Texas**

County of **Travis**

Before me _Lorna Morell_ the undersigned Notary Public, on this day personally appeared Suchan Murray, who is the Authorized Signatory of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR UNIVERSAL AMERICAN MORTGAGE COMPANY OF CALIFORNIA, a corporation, on behalf of said corporation, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _10_ day of _August_, 2009.

My Commission Expires:

Notary Public Signature

Printed Name of Notary Public

LORNA M. MORELL
Notary Public, State of Texas
My Commission Expires
December 23, 2012

Texas
EXP: Dec. 23, 2012

**✗ONEWEST EXHIBIT COPY.**
**FOR CONVENIANCE ✗**

RECORDING REQUESTED BY
RSM&A Foreclosures Services

WHEN RECORDED MAIL TO:
RSM&A Foreclosures Services
Attn: BK Dept
43252 Woodward Avenue, Suite 180
Bloomfield Hills, MI 48302

Trustee Sale No. 10CA00987-1                    *Space above this line for recorder's use only*

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to Deutsche
Bank National Trust Company, as Trustee of the Residential Asset Securitization Trust 2007-A5,
Mortgage Pass-Through Certificates, Series 2007-E under the Pooling and Servicing Agreement dated
March 1, 2007, all beneficial interest under that certain Deed of Trust dated November 16, 2006, executed
by Brian W. Davies a single man, as Trustor; to Universal American Mortgage Company, LLC, as
Trustee; and recorded November 17, 2006 as Document Number: 2006-0853245 of official records in the
office of the Recorder of Riverside County, California.

TOGETHER with the Note or Notes therein described and secured thereby, the money due and to become
due thereon, with interest, and all rights accrued or to accrue under said Deed of Trust including the right
to have reconveyed, in whole or in part, the real property described therein.

DATE: 9/20/10

Mortgage Electronic Registration Systems, Inc. as nominee for Universal American Mortgage
Company of California

BY* Brian Burnett        Assistant Vice Pres

STATE OF        Texas

COUNTY OF        Travis

On 9/20/10        before me,        Autumn Barrow        , a Notary Public in and for said county,
personally appeared        Brian Burnett        , Assistant Vice Presi
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

AUTUMN D. BARROW
Notary Public, State of Texas
My Commission Expires
May 20  2014

Notary Public in and for said County and State

. Property Address: 43277 SENTIERO DR, INDIO, CA 92203

**✗ EXHIBIT PROFFERED BY**
**ONEWEST FSB MOVANT ✗**

EXHIBIT 2

Recording requested by: LPS
LPS Default Title & Closing

When Recorded Mail To:
NDEx West, L.L.C.
15000 Surveyor Boulevard, Suite 500
Addison, Texas 75001-9013

DOC # 2009-0562051
10/30/2009 08:00A Fee:15.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

SUB20090159908346

| S | R | U | PAGE | SIZE | DA | MISC | LONG | RFD | COPY |
|---|---|---|------|------|----|----|------|-----|------|
| | | | 2 | | | | | | |
| M | A | L | 465 | 426 | PCOR | NCOR | SMF | NCHG | EXAM |
| | | | | | | T: | CTY | UNI | |

Trustee Sale No. : 20090159908346   Title Order No.: 090480135

## SUBSTITUTION OF TRUSTEE

WHEREAS, BRIAN W. DAVIES was the original Trustor, UNIVERSAL AMERICAN MORTGAGE COMPANY, LLC was the original Trustee, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") was the original Beneficiary Recorded on 11/17/2006 as Instrument No. 2006-0853245 of official records in the Office of the Recorder of RIVERSIDE County, California, as more fully described on said Deed of Trust; and WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in place and instead of said prior Trustee.

NOW, THEREFORE, the undersigned hereby substitutes, NDEx West, L.L.C., WHOSE ADDRESS IS: 15000 Surveyor Boulevard, Suite 500, Addison, Texas 75001-9013, as Trustee under said Deed of Trust.

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

DATED: 10/16/2009

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE RESIDENTIAL ASSET SECURITIZATION TRUST 2007-A5, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-E UNDER THE POOLING AND SERVICING AGREEMENT DATED MARCH 1, 2007 by OneWest Bank, FSB as Attorney in Fact

State of        Texas
County of       Travis

JC San Pedro    Authorized Signatory
# who is known to me
Am

On 10/16/2009 before me, Alex McBride appeared JC San Pedro  # Am
to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature: _____ (Seal)

My commission expires: 11-10-10

ALEX MCBRIDE
Notary Public, State of Texas
My Commission Expires
November 10, 2010

Alex mcbride
exp. nov 10,2010

FCUS_SubstituteOfTrustee.rpt - 6/16/09 - Ver 27

Page 1 of 1

### Objection to OneWest Bank Motion for Relief from Automatic Stay

| In re: | | CHAPTER: 7 |
|---|---|---|
| **Brian William Davies** | Debtor(s). | CASE NUMBER: **6:10-bk-37900** |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**30877 Date Palm Dr.**
**Suite B-3**
**Cathedral City, CA 92234**

A true and correct copy of the foregoing document described as

### Objection to OneWest Bank Motion for Relief from Automatic Stay

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (**indicate method for each person or entity served**):**
On __10/07/2010__, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (**indicate method for each person or entity served**):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 10/05/2010 | Michelle Mason | _(signature)_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re: | CHAPTER **7** |
|---|---|
| **Brian William Davies** | CASE NUMBER **6:10-bk-37900** |
| Debtor(s). | |

### Additional Service List

**Brian William Davies**
**43277 Sentiero Dr.**
**Indio, CA 92203**

**Christopher J. Woo**
**Randall Miller & Associates**
**15165 Venruea Blvd. #330**
**Shermon Oaks, CA 91403**

**Universal American Mortgage**
**K&L Gates, LLP**
**10100 Santa Monica Blvd**
**7th Floor**
**Los Angeles, CA 90067**

**Specialized Loan Servicing**
**8742 Lucent Blvd.**
**Ste 300**
**Littleton, CO 80129**

**Opteum Financial Services**
**C/O Bimini Capital**
**3305 Flamingo Drive**
**Vero Beach, FL 32963**

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com

Best Case Bankruptcy