Robert L. Firth, CSB#: 231432
30877 Date Palm Drive, Suite B-3
Cathedral City, CA 92234
Tel: 760 - 770 - 4066
Fax: 760 - 770 - 1066
Email: masonlegal@gmail.com

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**Chapter 7**

**Case No.: 10 - 21656**

In Re:

BRIAN W. DAVIES,

Debtor

**DEBTOR'S OBJECTION TO**

**"Do-Over Motion" styled as**

**MOTIONS FOR RELIEF FROM STAY**

**[Docket Item No. 49]**

**[Docket Item No. 48]**

The Debtor herein, BRIAN W. DAVIES, by and through his Counsel Herewith files his Objection to a certain "Do-Over Motion" now filed with this Court under [Docket Item No. 49], styled as "Motion for Relief from the Automatic Stay, by Movant

OneWest Bank, FSB, as servicing agent for Deutsche Bank," dated 19 October 2010[1].

By way of explanation, the entity "OneWest Bank FSB" [hereinafter: "OneWest"] had previously filed with this Court a Motion[2] on 23 September 2010, [Docket Item No. 29], wherein it represented itself as "Creditor ONEWEST BANK FSB" [see: Docket sheet, item 29]. Therein, "Creditor OneWest" petitioned this Court for relief from Stay as respects the Debtor's real property located at 43277 Sentiero Drive, Indio, CA 92203 ["the subject property"]. The property is listed in the Debtor's Schedule A. Creditor OneWest also appended a plurality of Exhibits, including a "Declaration" represented to be signed by a "Brian Burnett" of Austin, Texas, and uncertified copies of what were represented to be true copies of a certain "Note" of Debtor, a "Deed of Trust," an "Assignment," and related items.

The Debtor by counsel objected thereto, on numerous grounds, including in part no foundational grounds for Standing by the entity "OneWest" as a creditor, as "OneWest" is not recited in any Note or Deed of Trust proffered, and is not on the Debtor's Schedules. Additionally, Debtor noted that the proffered true copy of "Note" was apparently manufactured from disparate unrelated pages; the Deed of Trust had been defaced and altered after signing by the Debtor, and various represented initializations thereon were forged; and the Assignment dated 9/20/10 was manufactured after the commencement of the Petition, thus serving as an attempt to perfect a debt post-petition in violation of Sec. 362(a)(4).

There was no response or responsive Pleading filed by "OneWest" thereto.

On 19 October 2010 "OneWest" filed a further Motion for Relief from Stay, docketed as [Docket Item No. 48]. [ Item 48] is recorded as filed at 12:27:22. [Item 48] reflects "Movant: OneWest Bank FSB" and consists of the Notice, a Motion dated "9/23/10", a "Real Property Declaration by Movant: OneWest bank FSB", also dated Sept. 20, 2010 and signed by "Brian Burnett," and a Proof of Service stating that service documents were mailed on 19 October 2010 from Bloomfield Hills, Michigan.

---

[1] The filings of "OneWest" include both a "Notice of Motion" and a "Motion for relief from the automatic stay." In the interest of brevity, the filings are collectively referred to as the "Motion."

In every respect, [Docket Item No. 48] appears identical to the equivalent papers contained in [Docket Item No. 29]; the Clerk of Court records the Filing as being a notice of hearing "amended for new hearing date." To the extent the [Filing 48] is taken as a Notice of Hearing on [Item 29], the debtor reasserts and incorporates by reference his Objections as recited in his filing, [Docket Item No. 42].

Again on 19 October 2010, at 12:35:23, the entity "OneWest" filed yet another "Motion" for stay relief. This Filing, bearing [Docket Item No. 49], is recorded at 12:35:23, or eight (8) minutes after the filing of [Item 48]. [Item 49] now represents that the "Movant" is "OneWest Bank, FSB, as servicing agent for Deutsche Bank."

The implication of the caption is clear enough: the claimed party in interest would be "Deutsche Bank," with "OneWest" relegating itself to a mere "agent." Curiously, in this "do-over," the actual Motion for Stay Relief disconcertingly again recites the Movant as being "OneWest." The Motion declares, over the signature of counsel for OneWest "Randall Miller & Associates," that it is "Movant's [OneWest's] interest in the collateral is not protected" [at (3)(1)(a)]; and that "Movant [OneWest][has an ] interest in the Property " [at (3)(1)].

The "do-over" [49] further incorporates a Real Property Declaration by our now-familiar "Brian Burnett," which Declaration again describes that Burnett is employed by "OneWest," and is "one of the custodians of the books and records of Movant" pertaining to credit "given to Debtor(s) (sic)", although previously Mr. Burnett graced this Court with what was represented to be a "true copy" of Note that would show the entity "Universal American Mortgage Company of California, a California Corporation" as the issuer of credit.

In the "Do-over,"[ Item 48], the Real Property Declaration claims that the "legal description [of the Property] is attached as Exhibit (1) " [See: at 3-(b)]. No Exhibit (1) is attached.

In the "Do-over,"[ Item 48], the Real Property Declaration claims at Sec. 7-(b) that "A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit (2)." No Exhibit (2) is attached.

In the "Do-over," [Item 48], the Real Property Declaration claims [see Sec. 7] that "Movant holds a deed of trust that encumbers the property." No evidence of that claim is proffered, and the claim remains unsubstantiated.

In the "Do-over," [Item 48], the Real Property Declaration claims that Movant's claim with respect to the Property is $514,087.59. Yet there is no evidence that Movant has any claim at all as to the Property, or the fruits thereof.

At Section 10, the Real Property Declaration relates an Exhibit (4). Yet no Exhibit (4) is attached to the Declaration, or anywhere else in the Motion.

Our Courts are not fond of such "do-overs." The piece-meal submission of repetitive Pleadings in a "helter-skelter" fashion is violative of Rule 9011; such attempts to cure patently defective motions with serial supplemental filings is frowned upon. In re: Wilhelm, 407 B.R. 392 403 n.20 (Bankr. D. Idaho 2009). Careless practices undermine the functioning of the court and harm property rights of homeowners, and lead to the imposition of appropriate sanctions. Countrywide Home Loans Inc. v. Taylor, 843 N.Y.S.2nd 495 (N.Y. Sup.Ct. 2007).

The current "Do-over" seems to be an effort to, rather belatedly, introduce to this Court some basis however flimsy of grounding in Standing to advance its Relief Stay Motion. Our Courts remain frustrated by these exercises; this one parallels that found in Bankruptcy Court for the District Arizona (2010):

> *"Yet again, the court is called upon to decide whether the purported holder of a note allegedly transferred into a securitized mortgage pool has standing to obtain relief from the automatic stay. Yet again, the movant has failed to demonstrate that it has standing. To make matters worse, the movant has filed its motion without evidentiary support of its claim, attempted to create such evidentiary support after the fact, and only disclosed its "real" evidence on the day of the final evidentiary hearing".*
>
> The relief will be Denied. "
>
> In re: Tarantola, 4:09-bk-09703-EWH (Distr. of Arizona); Tarantola v. Deutsche Bank National Trust Company, as Trustee in trust for the Certificateholders for Argent Securities Inc., Asset-Backed-Pass-Through Certificates, Series 2004-W8, its assignees and/or successors, Movant, v. Anthony Tarantola, Debtor; Memorandum Decision, 29 July 2010 (Hollowell, J.).

The Court is now confronted with two parallel relief-stay Motions, one filed under [Docket Item no. 29], [repeated at 48], and another filed at [docket no. 49]. While [29/48] was scant in its accompanying submissions of what was proffered as evidentiary foundation, the Motion at [49] is utterly bereft of any at all. To the extent that [49] might be construed as a do-over of [48], nonetheless even if the addenda of [29] were somehow taken to be incorporated as addenda for [49], which is not apparent from the Record and to which the Debtor in any event would Object, such "back-flips" places a speculative burden upon the Court and the Debtor. At this point it becomes a leap of faith to discern what causes the Movant OneWest is attempting to advance. It is not a function of our Courts to be the Sorcerer's Apprentice, to "take from this and that" to attempt to fashion coherence out of helter-skelter.

At this juncture, [Docket Item No. 49] "contains no evidentiary support," itself grounds for Denial of the Motion. In re: Mitchell, U.S.Bankr.Ct. Distr. Nevada, BK-S-07-16226-LBR (2008) Memorandum Opinion, 19 Aug. 2008.

The Standing issue vexed the Mitchell Court. Therein, the Court observed:

*"[Movant] must have both constitutional and prudential standing and be the real party in interest under Fed.R.Civ.P. 17, in order to be entitled to lift-stay relief. [citing: Kowalski v. Tesmer, 543 U.S. 125, 128-29 (2004) (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)].*

"Constitutional standing under Article III requires, at a minimum, that a party must have suffered some actual or threatened injury as a result of the defendant's conduct, that the injury be traced to the challenged action, and that it is likely to be redressed by a favorable decision. Valley Forge Christian Coll. V. Am. United for Separation of Church and State, 454 U.S. 464, 472 (1982).

"Beyond the Article III requirements of injury in fact, causation, and redressability, [Movant] must also have prudential standing, which is a judicially-created set of principles that places limits on the class of persons who may invoke the courts' powers. See Warth v. Seldin, 422 U.S. 490, 499 (1975). As a prudential matter, a plaintiff must assert "his own

legal interest as the real party in interest," Dunmore v. United States, 358 F.3rd 1107, 1112 (9th Cir. 2004), as found in Fed.R.Civ.P. 17, which provides "[a]n action must be prosecuted in the name of the real party in interest."

In re Mitchell, Id., at 4-5.

To the extent that this Court might divine [Docket Item No. 49] to have the ability to "reach back" into [Docket Item No. 29/48], to which the Debtor Objects, the Debtor in an exercise of prudence herewith incorporates specifically the Pleadings he expressed in Opposition to [29] in his Filing, [Docket Item No. 42], and does so to avoid burdening the Court with ever-expanding Pleadings.

Nonetheless, the foundational issue of Standing remains unproven by Movant. Movant "OneWest", notwithstanding the direct Declaration(s) of Vice-President Brian Burnett, now seems to obliquely indicate that it is merely a "Servicing agent" for yet another entity, which it mentions as "Deutsche Bank." This produces its own set of problems. Nowhere in any of the plethora of conflicting documents with which Movant has graced this Court is the entity "Deutsche Bank" recited as having any interest in the subject matter before this Court.

"Deutsche Bank" is an Aktiengesellshaft with headquarters in Frankfurt, Federal Republic of Germany. Debtor notes that Deutsche Bank itself maintains no U.S. presence; a separate corporation, Deutsche Bank Americas, maintains its U.S. Headquarters at 60 Wall Street in New York City at times consonant with the matters at bar. There is no evidentiary foundation submitted to this Court, and the Record is bereft of any representation, that either Deutsche Bank or its U.S. alter-ego has any interest in the subject matter herein.

The sole indication that "Deutsche Bank" is involved herein lies in the oblique caption heading, itself contained within parentheses, that would apparently seek to induce this Court to infer on its own that, notwithstanding the plain language of the Burnett Declaration, nonetheless the, or at least "a," party in interest is "Deutsche Bank" and not "OneWest." It is not properly a duty of the Court to transpose the plain-language declarations proffered by

Movant to mean other than what is represented therein. Taken at face value, the declarations continue to represent that OneWest is the Movant and maintains the claim.

Even if the Court were to generously conclude that "Deutsche Bank" may be the owner of some right in interest, that alone is quite insufficient to invoke this Court's authority to act on Deutsche Bank's behalf. The Docket Record is absolutely bereft of any foundational instrument establishing that OneWest has authority to act as holder's agent, presuming arguendo that "Deutsche Bank" is a holder of some instrument, itself yet to be determined. The abject failure of a servicer to demonstrate authority to act as holder's agent is fatal to its cause.

In re: Minbattiwalla, 2010 WL 694166 (Bankr. S.D.N.Y. Mar. 1, 2010) *(in addition to establishing rights of the holder, servicer seeking stay relief must show it has authority to act as holder's agent)*; In re Canellas, 2010 WL 571808 (Bankr. M.D.Fla. Feb 9, 2010) *(mot. Relief from stay denied after movant produced no evidence of ownership of note)*; In re Lee, 2009 WL 1917010 (Bankr. C.D. Cal, Jan. 26, 2009)*(sanctioning attorney who pursued stay relief motion knowing named party lacked ownership interest in note)*; In re: Jacobson, 402 B.R. 359 (Bankr. W.D. Wash. 2009)*(servicer's declaration in support of motion for relief from stay did not establish that it had beneficial interest in note)*.

In: re Fitch, 2009 WL 1514501 (Bankr. N.D.Ohio May 28, 2009)*(movant never in chain of title for mortgage and note; had no standing)*; In re: Waring, 401 B.R. 906 (Bankr. N.D. Ohio 2009)*(servicer with no interest in note or authority to act on behalf of owner did not have standing to enter into reaffirmation agreement; requirements a creditor must meet ot file a proof of claim and to seek relief from stay are the same)*.

In re: Maisel, 378 B.R. 19 (Bankr.D. Mass. 2007) *(servicer bringing stay relief motion failed to document standing as of time motion filed)*; In re: Urdahl, 07-07227-PB7 (Bankr. S.D. Cal. June 9, 2008)*(finding Deutsche Bank failed to provide evidence that it has a security interest in the property; motion for stay relief denied)*.

Two further cases squarely on point demolish any pretension of Movant for Standing to pursue its Motion. The Court is referred to In re: Tandala Mims a/k/a/ Tandala Williams,

U.S.Bankr.Ct. S.D.N.Y. (10-14030, Order denying Relief from Stay,) (2010; M. Glenn, J.) [hereinafter: "Williams"]. In Williams, creditor Wells Fargo Bank N.A. In a lengthy discussion of this tortured case, the Court noted that Wells failed the party in interest test as it lacked standing to exercise any State Law Remedies. The Court was obliged to reach back to the state-law tests in that there was no demonstrated "right to payment" shown to the bankruptcy court. Upon examination, Wells could not and did not "offer evidence that it owns the original Note, [Wells Fargo] lacks standing to foreclose on the Mortgage and has therefore failed to demonstrate that it is the holder of a "claim." Id., at 7.

A parallel set of circumstances confronts the Court herein. Neither Movant OneWest nor the obliquely-referenced entity "Deutsche Bank" proffer any evidence at all of ownership of the original Note. Nor does OneWest demonstrate any agency authority, in the event the Court would stretch to conclude that "Deutsche Bank" is being set forth as an alleged creditor. The Williams Court was additionally disturbed by issues surrounding the "Assignment" proffered therein, and declared it had *"reservations regarding the validity of the mortgage assignment."* [see: Id., at 8].

In uncanny parallel to events in the case at bar, the Williams Court observed that "[T]he assignment suggest that it may have been executed simply for purposes of enabling Wells Fargo to file a lift-stay motion. …[I]n the absence of a credible explanation, describing how, when and from whom Wells Fargo derived its rights, relief from stay will not be granted." Id., at 8.

The Court is additionally referred to a Unpublished Memorandum Opinion issued by the Bankruptcy Appellate Panel of the 9th Circuit, reflecting its Decision in a matter of the Central District of California, In re: Fawn Ridge Partners, LP, BAP No. CC-09-1396-HPDu (March 29, 2010), a case wherein the Movant bank had failed to demonstrate any standing to seek stay relief. Therein, the Panel observed that "[Movant] is not the payee on the Note securing the Deed of Trust nor a beneficiary under the Deed of Trust." [See: at 10]. Citing In re: Wilhelm, supra, the Panel again noted that a "party seeking stay relief must establish standing and be a party in interest." Ibid at 8.

In rejecting the stay-relief motion of servicer bank, the Panel observed: "[Movant] did not provide evidence...establishing the terms of its agreement to service the loan..." Id at 11. All these events parallel the events of the case at bar.

**Conclusion**

Pursuant to Bankruptcy Rule 3001(c) and (d), the claimant bears the burden of proof to show it is the holder of a claim or otherwise has standing to enforce the claim. Movant has utterly failed to comply with documentation requirements, and has graced this Court with a series of Filings, each incomplete, piece-meal, and not demonstrating anything, attempting to induce this Court to take actions adverse to Debtor and of benefit to itself, without foundation or any demonstration of colorable right.

Movant would have this Court (and the Debtor) undertake a virtuoso performance of cut-and-paste, supposition, and conjecture, to attempt to discern what the Movant itself chooses not to set forth. Movant has demonstrated a lack of candor to this Court. Movant's manufacture of a purported "Assignment" after the commencement of the Debtor's Petition, done expressly to advance these multiple stay-relief Motions, demonstrates its willingness to brazenly breach the foundations of the automatic stay protections afforded by Statute to the Debtor.

Movant's behavior unduly burdens this Court with Motions and Pleadings which lack foundation, are incoherent, and work at cross purposes. One Motion would have this Court infer that OneWest is the party in interest. Another would have this Court divine that "Deutsche Bank" is the party in interest. None of the proffered documents support either contention. The "Declarations" submitted all refer to OneWest, and appear to be copies of each other. Movant would have this Court expend its scarce resources to sift through this morass and try to distill some path or foundation where Movant itself seems reluctant to venture.

None of this is the obligation of the Court (nor the Debtor, who also remains burdened). Movant's multiple, contradictory, and serial incoherent Filings place burdens upon

the Court and consume scarce resources. These "do-overs" are advancing no cause except to frustrate the Court and burden the Debtor.

**WHEREFORE**, the Debtor Objects to the Motions for Relief from Stay, [Docket Items Nos. 29, 48, and 49], filed by Movant "OneWest FSB," and would ask that the Motions be Denied, with prejudice.

Dated: 04 November 2010

Respectfully submitted,

BRIAN DAVIES, Debtor
BY: Robert L. Firth, CSB# 231432
Law Offices of Robert L. Firth
30877 Date Palm Drive, Suite B-3
Cathedral City, CA 92234
Tel: 760 - 770 - 4066-