FORM B104  (08/07)                                                                                    2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>BRIAN W. DAVIES | DEFENDANTS<br>DEUTSCHE BANK NATIONAL TRUST COMPANY ET. AL. |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Gary Harre, Esq. GLOBAL CAPITAL LAW, PC<br>17111 Beach Blvd., Ste 100, Huntington Beach, CA 92647.<br>Telephone (714) 907-4182 | **ATTORNEYS** (If Known) |

| PARTY (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint to determine the Nature, Extent and Validity of Lien,  and to disallow Secured Claim, TILA Violations, Fraud, Libel, Quiet Title and Injunctive Relief.

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- [2] 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- [1] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- [3] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [4] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand  $ 1,000,000.00 |

Other Relief Sought

FORM B104 (08/07), page 2                                                                 2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR** Brian W. Davies | **BANKRUPTCY CASE NO.** 6:10-BK-37900 | |
| **DISTRICT IN WHICH CASE IS PENDING** Central District of California | **DIVISIONAL OFFICE** Riverside Division | **NAME OF JUDGE** THOMAS B. DONOVAN |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** | | |
| **DATE** 12/27/10 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** Gary Harre, Esq. - Attorney for Plaintiff Brian W. Davies | |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| GARY HARRE, ESQ. (BAR NO. 86398)<br>GLOBAL CAPITAL LAW, PC<br>17111 BEACH BLVD., STE 100<br>HUNTINGTON BEACH, CA 92647<br>TELEPHONE: (714) 907-4182<br>FACSIMILES: (714) 807-4175<br>EMAIL: GHCMECF@GMAIL.COM<br><br>*Attorney for Plaintiff* Brian W. Davies | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br>    Brian W. Davies<br><br>                                          Debtor**.** | CHAPTER 7_____<br><br>CASE NUMBER 6:10-BK-37900<br><br>ADVERSARY NUMBER |
|---|---|
| Brian W. Davies<br><br>                                          Plaintiff(s),<br><br>                vs.<br><br>See Attached<br><br>                                          Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint.  You must also send a copy of your written response to the party shown in the upper left-hand corner of this page.  Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Hearing Date:**                    **Time:**                    **Courtroom:**                    **Floor:** | |
| ❑  **255 East Temple Street, Los Angeles** | ❑  **411 West Fourth Street, Santa Ana** |
| ❑  **21041 Burbank Boulevard, Woodland Hills** | ❑  **1415 State Street, Santa Barbara** |
| ☒  **3420 Twelfth Street, Riverside** | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference.  Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval.  The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**


By:  _____
            *Deputy Clerk*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*Revised December 1998 (COA-SA)*                                                                                                                    **F 7004-1**

## Attachment to Summon and Notice of Status Conference

Defendants:

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE
RESIDENTIAL ASSET SECURITIZATION TRUST 2007-A5, MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES 2007-E, UNDER THE POOLING AND
SERVICINGAGREEMENT DATED March 1, 2007,ITS ASSIGNS AND/OR
SUCCESSORS IN INTEREST;and all persons claiming by, through, or under
such person, all personsunknown, claiming any legal or equitable right, title,
estate, lien, or interest in the propertydescribed in the complaint adverse to
Plaintiff's title thereto; and DOES 1-150, Inclusive;

Summons and Notice of Status Conference - *Page 2*

**F 7004-1**

| In re  Brian W. Davies | CHAPTER 7 |
|---|---|
| Debtor. | CASE NUMBER 6:10-BK-37900 |

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF _____

1.  I am employed in the County of _____, State of California.  I am over the age of 18 and not a party to the within action.  My business address is as follows:

2.  ❑  **Regular Mail Service:**  On _____, I served the foregoing Summons and Notice of Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, on the Defendant(s) at the following address(es) by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail at _____, California, addressed as set forth below.

3.  ❑  **Personal Service:**  On _____, personal service of the foregoing Summons and Notice of Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, was made on the Defendant(s) at the address(es) set forth below.

4.  Defendant(s) and address(es) upon which service was made:

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, RESIDENTIAL ASSET SECURITIZATION TRUST 2007-A5, MORTGAGE PASS-THROUGH SERIES 2007-E, UNDER THE POOLING AND SERVICING AGREEMENT DATED 3-1-2007.

1761 E. SAINT ANDREW PLACE
SANTA ANA, CALIFORNIA 92705-4934

TELEPHONE 714-247-6000

❑  Names and Addresses continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:

_____
*Type Name*

_____
*Signature*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 7004-1**

1 | GARY HARRE, ESQ. (BAR NO. 86398)
GLOBAL CAPITAL LAW, PC
2 | 17111 BEACH BLVD., STE 100
HUNTINGTON BEACH, CA 92647
3 | TELEPHONE: (714) 907-4182
FACSIMILES: (714) 807-4175
4 | EMAIL: GHCMECF@GMAIL.COM

5 | Attorney for Debtor, Brian W. Davies

6

7 | **UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
8 | **RIVERSIDE DIVISION**

9

10 | In re                                      )   **CASE NO. 6:10-BK-37900-TD**
11 |                                            )
      BRIAN W. DAVIES            )   **ADVERSARY PROCEEDING**
12 |                                            )
13 | _____ )
14 | BRIAN W. DAVIES, an Individual.            )   **ADV. NO.: _____**
            Plaintiff,       )
15 |                                            )   **COMPLAINT TO DETERMINE THE**
  -vs.-                                 )   **NATURE, EXTENT AND VALIDITY**
16 |                                            )   **OF LIEN AND TO DISALLOW**
DEUTSCHE BANK NATIONAL TRUST  )   **SECURED CLAIM, TILA VIOLATION,**
17 | COMPANY, AS TRUSTEE OF THE           )   **FRAUD, LIBEL, QUIET TILE, AND**
RESIDENTIAL ASSET SECURITIZATION )   **INJUNCTIVE RELIEF**
18 | TRUST 2007-A5, MORTGAGE PASS-     )
THROUGH CERTIFICATES, SERIES 2007-E, )
19 | UNDER THE POOLING AND SERVICING   )
AGREEMENT DATED March 1, 2007,      )
20 | ITS ASSIGNS AND/OR SUCCESSORS IN  )
INTEREST; and all persons claiming by, )
21 | through, or under such person, all persons )
unknown, claiming any legal or equitable right, )
22 | title, estate, lien, or interest in the property )
described in the complaint adverse to Plaintiff's )
23 | title thereto; and DOES 1-150, Inclusive; )
24 |                                            )
          Defendants.      )
25 | _____ )

26 |       COMES NOW debtor and plaintiff BRIAN W. DAVIES herein, ("Plaintiff"), and
27 | respectfully alleges the following:
28

1.      This adversary proceeding is brought pursuant to 11 U.S.C. § 506 and Federal Rule of Bankruptcy Procedure 7001.

2.      This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334(b). Venue is proper pursuant to 28 U.S.C. § 1409.

3.      This adversary proceeding is a core proceeding as defined at 28 U.S.C. § 157(b) (2) (b) and (b) (2) (K) in that it is an action to determine the nature, extent and validity of a lien on property evidenced by a deed of trust, and the allowance or disallowance of a claim. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and jurisdiction exists pursuant to 11 U.S.C. § 502 (a) and (b) (1), 11 U.S.C. § 544 (a) (3) and (b) (1), 28 U.S.C. 1334, 28 U.S.C. 2201 for declaratory relief and 28 U.S.C. 1367 for pendent state claims.

4.      The Chapter 7 Trustee has filed an abandonment of all claims by the bankruptcy estate, and there have been no timely objections.   Debtor has elected to pursue this adversary proceeding.

## PARTIES

5.      Plaintiff is an individual, and debtor of the within captioned bankruptcy case, having filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on August 31, 2010 ("the Bankruptcy Case") in the Central District of California Case, Riverside Division Number: 10-37900.

6.      Plaintiff is and at all times mentioned herein is the owner and purchaser of real property (hereinafter referred to as "SUBJECT PROPERTY"") and more particularly described as:

**PARCEL:**
**LOT 75 OF TRACT NO. 31601-4, IN THE CITY OF INDIO, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP FILED IN BOOK 391, OF MAPS, AT PAGES 35 THROUGH 38, INCLUSIVE, IN THE OFFICE OF THE COUNTY RECORDER OF RIVERSIDE COUNTY.**

7.      Plaintiff is informed and believes and therefore alleged that DEUTSCHE BANK TRUST COMPANY AMERICAS ("DBTCA") and DEUTSCHE BANK NATIONAL TRUST COMPANY ("DBNTC") are wholly-owned subsidiaries of DEUTSCHE BANK TRUST

CORPORATION ("DBCORP"), a bank holding company based in New York City, at 60 Wall Street, New York City, NY 10005.

8.    Plaintiff is informed and believes and therefore alleged that Defendant DBNTC operates its business in California with principal office located at 1761 East Saint Andrew Place Santa Ana, California 92705-4934.

9.    The Defendants herein named as "all persons claiming by, through, or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title thereto" (hereinafter referred to as "the unknown defendants") are unknown to Plaintiffs.  These unknown Defendants, and each of them, claim some right, title, estate, lien, or interest in the hereinafter-described property adverse to Plaintiffs' title; and their claims, and each of them, constitute a cloud on Plaintiff's title to that property.

10.    Plaintiff is ignorant of the true names and capacities of "Defendants" sued herein as "DOES" 1 through 150, and therefore sue these "Defendants" by such fictitious names.  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.  Plaintiffs are informed and believe and thereon allege that each of these fictitiously named defendants claim some right, title, estate, lien, or interest in the hereinafter-described property adverse to Plaintiffs' title and their claims, and each of them, constitute a cloud on Plaintiffs' title to that property.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11.    "DBNTC", represents itself and holds itself out as the "Creditor", and the "Trustee", for the *"Residential Asset Securitization Trust 2007-A5, Mortgage Pass Through Series 2007-E, under the Pooling and Servicing Agreement dated March 1, 2007"* (hereinafter, "RAST 2007-A5") and against Plaintiff's interest in his residence located at 43277 Sentiero Drive Indio, California.[1]

12.    The "RAST 2007-A5"  is a Special Purpose Trust issued pursuant to the Registration Statements filed under penalty of perjury with the Security and Exchange Commission

---

[1] *See* Referenced Pacer Docket 29  and Docket 49 of the Bankruptcy Case, "Declaration by Brian Barnhill" which included the bogus  manufactured "Assignment of the Deed of Trust" signed by Brian Barnhill as signatory that purports to assign the "Deed of Trust" and "Note" on September 20, 2010 to Deutsche Bank National Trust Company as Trustee of "RAST 2007-A5".

("hereinafter referred to as "SEC"") by "Indymac MBS" as (Depositor) and "Indymac Bank FSB" as (Seller) which was approved by the "SEC" as "SEC File No. 333-132042". Such Trust was formed under the "Laws of the State of New York[2].

13.    Plaintiff is informed and believes and therefore alleged that UNIVERSAL AMERICAN MORTGAGE COMPANY OF CALIFORNIA (hereinafter, "UMACC") represented to Plaintiff that it was "Originator of the Subject Mortgage".

14.    Plaintiff is informed and believes and therefore alleged that, "UMACC" represented to Plaintiff that "UAMCC" by an unknown mechanism transferred unknown interests to "Opteum Financial Services, Inc." ("hereinafter, "OPTEUM""), a subsidiary of "Opteum Inc.".

15.    "OPTEUM" on or about July 3, 2007 closed the majority of its business and changed names to Orchid Island TRS LLC. Orchid Island TRS ceased operations on September 30, 2007.

16.    Plaintiff is informed and believes and therefore alleged that "OPTEUM" by an unknown transaction represented to Plaintiff that it had transferred its "Servicing Interests" to Indymac Bank FSB (hereinafter, "INDYMAC").

17.    Defendant "DBNTC" as "Trustee", for "RAST 2007-A5", is a National Trust Corporation, doing business in the State of California, has asserted a purported secured interest on Plaintiff's subject property.

18.    "DBNTC" caused to be filed false "Assignments of Deed of Trusts" or "Wild Deed Instruments" with the Riverside County Recorder, California, in this very Court as part of its continuing fraud upon the Court[3], clouding Plaintiff's title and ownership interest in the Subject Property. [4]

19.    "DBNTC's" fraudulent claims are facilitated by using these "Wild Deed Instruments". A "Wild Deed" is a recorded deed that is not in the chain of title because a previous

---

[2] *See* Request for Judicial Notice No. 1, Securities And Exchange Certified Documents Of The Prospectus And Pooling And Servicing Agreement Filed Concurrent herewith.
[3] *See* Pacer Docket 29 and 49 of the Bankruptcy Case, Motion for Relief from Automatic Stay.
[4] *See* Request for Judicial Notice No. 2 "Exhibits A-F" and "Declaration of Brian W. Davies" representing the proffered certified land records.

COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW SECURED CLAIM

instrument connected to the chain of title was not recorded. A "Wild Deed" will not provide constructive notice to later purchasers of the property; because subsequent bona fide purchasers cannot reasonable expect to locate the "Deed" while investigating the chain of title to the property. These instruments are unsecured and as such no security attaches to these "Wild Deed Instruments".

## THE STYLED "PROMISSORY NOTE AND DEED OF TRUST"

20.    On or about November 16, 2006 Plaintiff signed a document styled as a "First Note" ("hereinafter referred to as "NOTE"") on the SUBJECT PROPERTY for $441,435.00.

21.    Plaintiff is informed and believes and therefore alleges that Universal American Mortgage Company of California ["UAMCC"] falsely represented that they were funding the "NOTE".

22.    Plaintiff was required to use "Lennar's" preferred lender, "UAMCC".

23.    Plaintiff is informed and believes and therefore alleged that "Lennar" controls the subsidiary "Universal American Mortgage Company" (hereinafter referred to as "UAMC") and "UAMCC". "UAMC" acted as the trustee of the "Deed of Trust" as alleged in the "Wild Deed Instruments" which requires a "Trustee" to represent the interests of the seller and buyer equally. Plaintiff discovered that "Lennar" and its subsidiary picked the "Appraiser". Jeffrey Feig, an Agent for Lennar met with Plaintiff on or about November 15, 2010 and openly stated, that the "Appraiser" James J. Scarcella was one of three Appraisers [of newly built Lennar homes] he chose for many of the 200 appraisals done in 2006-2007. The reason was in part due to the fact that "Mr. Scarcella always worked fast and always came in at the price needed to fund." Such self dealings were not disclosed to Plaintiff and Plaintiff could not have discovered it.

24.    The "Origination Funds" for the "NOTE" came from another undisclosed source. The indebtedness to this "NOTE" remains uncertain. Plaintiff has not seen the original styled "NOTE" since signing and its whereabouts or existence is undisclosed, despite third party subpoenas issued to "DBNTC", "MERS", and "OPTEUM.

25.    On November 16, 2006 Plaintiff executed another documents styled as a "Security Interest" or "Deed of Trust" (hereinafter referred to as "DOT") with respect to the property as Riverside County Recorded Document # 2006-0853245, recorded on 11-17-2006.[5]

26.    Plaintiff is informed and believes and therefore alleges that **subsequent to signing of this "Security Interest", unknown "Defendant Agents" defaced the "DOT" to conform to their own deception. This mutilation is substantive in nature and goes to the heart of the deception. The document which purports such interest is VOID ab initio**.

27.    Such document cannot be enforced by the initial receptor and its purported successors. Enforcement is VOID AB INITIO due to the falsity uttering placed by such agent.

## CALIFORNIA CENTRAL DISTRICT BANKRUPTCY FILING

28.    On September 20, 2010, a "Wild Deed Instrument" was filed by Mortgage Electronic Registration Systems, Inc., ("hereinafter, "MERS") as nominee for Universal American Mortgage Company of California ["UAMCC"], purportedly assign its "beneficial interests" to "DBNTC" as "Trustee, for RAST 2007-A5"[6].

29.    On or about September 23, 2010, ONEWEST BANK FSB (hereinafter, "ONEWEST"), filed a Motion for Relief from Automatic Stay[7], under 11 U.S.C. § 362, asserting a claim against Plaintiff in the sum of $514,067.59, and further asserting that said claim is secured by a lien against the Subject Property.  As part of its Motion, ONEWEST incorporated at least in part the following documents:

1.    Real Property Declaration, allegedly signed by "Brian Burnett" on September  20, 2010, in Austin, Texas; Burnett describes himself as an "Assistant Vice President" of Movant;

2.    Proof of Service, apparently signed by "Angela Milliman" of Bloomfield Hills, Michigan, mailed "9/23/10";

---

[5] *See* Request for Judicial Notice No. 2, Exhibit B.
[6] *See* Request for Judicial Notice No. 2, Exhibit G. UAMCC'S beneficial interests were alleged to have been previously sold on or about December 21, 2006 to "OPTEUM", as such "UAMCC" possessed no interest to assign.
[7] *See* Bankruptcy Pace Docket No. 29.

COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW SECURED CLAIM

3.  "Title Point Tax Search," printed "7/2/2009"; apparently by an entity styled as "Lender Processing Services";

4.  "Deed of Trust", in 18 pgs, apparently recorded on "11/17/2006";

5.  "Note," dated November 16, 2006, with loan number marked over and made illegible;

6.  "Assignment of Deed of Trust", dated "9/20/10," represented to be in favor of Deutsche Bank National Trust Company, as Trustee, again represented to be signed by "Brian Burnett";

7.  Server print sheet, printed "09/16/2010";

8.  Copy of unamended Schedule D of Debtor, filed 9/12/10;

9.  Movant's Motion, represented to be signed by "Christopher J. Hoo" dated 9/23/10, in Sherman Oaks, California.

30.  On or about October 12, 2010, as legal maneuvering and usual deceptive and fraudulent practice upon the Court, "ONEWEST" filed a new Motion for Relief from Automatic Stay without withdrawing the existing motion on calendar. The motion essentially the same except it styled "ONEWEST" Movant as servicing agent Deutsche Bank[8]. Debtor, through his attorney, again objected to this motion.

31.  On a consolidated basis, these motions were heard on the merits before Honorable Thomas B. Donovan on November 18, 2010. The motions were denied because "ONEWEST, Movant" and "ONEWEST, Movant, as servicing agent for DEUTSCHE BANK", have no legal standing and interest in the Note and DOT to proceed.

### CALIFORNIA STATE WRONGFUL FORECLOSURE ACTION

32.  A California State Foreclosure action was initiated by Mortgage Electronic Registration Systems, ("hereinafter, "MERS"), a State of Delaware Corporation doing business in California as a Foreign Corporation, and as "Beneficiary" on July 10, 2009. The document was

---

[8] *See* Bankruptcy Pacer Docket No. 49.

COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW SECURED CLAIM

recorded as Riverside Recorder Doc. # 2009-0362260, on July 14, 2009. "MERS" the "beneficiary initiating the foreclosure has never acquired any pecuniary interest in the mortgage loan[9].

33.    "MERS", the foreclosing entity, is a third party. The entity lacks standing and the capacity to foreclose. The entity has no first hand knowledge of the loan, no authority to testify or file affidavits as to the validity of the loan documents or the existence of the loan. The entity has no legal authority to draft mortgage assignments relating to the loan. This foreclosing entity and its agents regularly commit perjury in relation to their testimony.

**THE NOTES ARE SOLD FORWARD, SECURITIZED, INSURED, AND PACKED**

34.    "UMACC", the purported originating "Lender", on the original styled "NOTE" was not the lender, and the "NOTE" was collateral for undisclosed transactions. Routinely multiple "Notes" are grouped together, pooled, securitized, and rapidly sold to Wall Street Investors. These "Notes" are sold forward which passes risk obligations forward with little accountability. The "Mortgage Backed Security" debts ["MBS"] routinely disregard and dismantle state real estate laws while clouding the records of title. The demand pulled forward requires speedy processes and lower approval standards to keep the fuel for "Wall Street" securitizations. To move such inventory creates opportunities for error, deceptive practices, and outright fraud.

35.    "MERS", acting as nominee for "UMACC", was never intended to be the "Beneficiary of the Mortgage Loan". It was designed to hold "Bare Legal Title", and avoid paying county land record recordings.

36.    Indymac Bank FSB, [Indymac Mortgage Services, a division of Onewest Bank FSB], Lenders Process Servicing (hereinafter "LPS"), or some remote agent declares the default, without privities with the original lender or its beneficial assignee.

37.    The "True Beneficiary" of the mortgage loan has not declared a default [it has been paid fully as required by the Pooling and Servicing Agreement] and does not have an interest in the

---

[9] *See* Request for Judicial Notice No. 2, Exhibit D.

actual "Mortgage Note", all the cash flows from the mortgages are paid on time.   The "MBS"

Investor does not own the "Notes".[10]

38.    The "*Notice of Default and Election to Sell under the Deed of Trust*", Riverside

County Document #-2009-032260, recording was request by LPS Default Title & Closing.

California State laws require certain documents to legally proceed as such.[11]

**"**Notice of Default and Election to Sell under Deed of Trust**"**

Riverside Document # 2009-032260 requested by LPS Default.

*NDEX WEST, LLC is the original Trustee, duly appointed Substituted Trustee, or
acting as Agent for the Trustee or Beneficiary under a Deed of Trust dated 11/16/2006,
executed by* **BRIAN W. DAVIES**, *as Trustor, to secure obligations in favor of*
***MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), as***
***Beneficiary*** *Recorded on 11/17/2006 as Instrument No. 2006-0853245 of official
records in the Office of the Recorder of RIVERSIDE County, California, as more fully
described on said Deed of Trust. Including a Note(s)/ Unconditional Guaranty which had a
principal amount of $441,350.00 that the beneficial interest under said Deed of Trust and
the obligations secured thereby are presently held by the Beneficiary; that a breach of, and
default in, the obligations for which said Deed of Trust is security has occurred in that the
payment has not been made of:*

*THE INSTALLMENT OF PRINCIPAL AND .....NOTHING IN THIS NOTICE SHALL
BE CONSTRUED AS A WAIVER OF ANY FEES OWING TO THE BENEFICIARY
UNDER THE DEED OF TRUST, PURSUANT TO THE TERMS OF THE LOAN DOCUMENTS.
That by reason thereof,* **the present beneficiary under such deed of trust, has executed and
delivered to said agent, a written Declaration of Default and Demand for same, and has
deposited with said agent such deed of trust and all documents evidencing obligations
secured thereby, and has declared and does hereby declare all sums secured thereby
immediately due and payable and has elected and does hereby elect to cause the trust
property to be sold to satisfy the obligations secured thereby.** *DATED: 7/10/2009* **NDEX WEST,**
*LLC as Agent for Beneficiary*

39.    "California Civil Code §2924" controls the Non-Judicial process, and requires

statutory compliance to file the Notice of Default.  Strict compliance is routinely ignored and

fabricated documents are accepted as true, when they are not accurate.   The documents are "Robo-

Signed", manufactured after the fact, and fraudulently created for hearings or in the case at bar,

bankruptcy [verifications by declarations].

---

[10] *See* Request for Judicial Notice No. 1.  "*SEC DOCMENTS*".
[11] *See* Request for Judicial Notice No. 2, Exhibit D.

COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW SECURED CLAIM

40.    "MERS" has no 'Beneficial Interest' in the "NOTE", has never held the "NOTE", and has no agency authority to convey an interest in the "NOTE".  Any attempt by "MERS" to transfer the ownership of the "NOTE" is VOID.

41.    The mortgage loan assigned to "MERS" as nominee is at most, an "unsecured debt". The only parties entitled to collect on the unsecured debt would be the holders in due course and beneficial owners of the original "Promissory Note".

42.    Certain individuals who were the employees of the Servicer, Indymac Mortgage Services a Division of Onewest Bank, and even the employees of the law firms executed and notarized forged documents as to the ownership of the loan.  These affiants have committed as its common business practice to foreclose, counts of fraud, perjury and forgery associated.

## RAST 2007-A5 IS A PRIVATE MORTGAGE BACKED SECURITY FORMED UNDER STRICT COMPLIANCE NEW YORK TRUST LAWS

43.    Defendant "DBNTC", represents itself as a "Trustee" of a "RAST 2007-A5", coming to Court.  It is actually a Mortgage Back Security ("MBS") and as "Trustee", holds only "Nominal Legal Title" to represent the trust.

44.    Such "MBS" is formed under NEW YORK Trust laws.  Such a Trust functioning under such law  provides that any transfer to the trust in contravention of the trust documents is VOID,  N. Y. ESTATES, POWERS & TRUST LAWS § 7-2.4 (McKinney 2002).

45.    Pursuant to the Trust Agreement which governs **"RAST 2007-A5",** the "**Issuing Entity**" was created by the **Depositor (Indymac MBS)** and its assets consist of the "Trust".   The Issuing Entity has no employees, officers or directors. The transaction by the Depositor into "RAST 2007-A5" is a true sale.

46.    The **Trustee (Deutsche Bank National Trust Company**), the **Depositor (Indymac MBS)**, the **Master Servicer (Indmac Bank FSB),** and the "**Custodian of Records" (Deutsche Bank National Trust Company**), act on behalf of the "Issuing Entity" and may only perform those actions on behalf of the "Issuing Entity" that are specified in the "Trust Agreement", the

"Sale and Assignment Agreement", the "Servicing Agreement" and the "Custodial Agreement.

Guidelines" and "Trust Agreement-Assignment of Mortgage Loans."

47.     Trust documents are explicit in setting forth a method and date for the transfer of the mortgage loans to the trust and in insisting that no party involved in the trust take steps that would endanger the tax status.

48.     Securitization divides the "beneficial ownership" of mortgage loans from "legal title" to the loans and from the management of the loans.  The "RAST 2007-A5" (or more precisely its trustee) holds "legal title" to the loans, and the trust is the "*nominal beneficial owner*" of the loans.  This nominal structure is much the same used by "MERS" in the "Deed of Trust", and designed to be elusive, confusing, and opaque.

49.     The "Certificate Holders" or Investors in "RAST 2007-A5" are formally creditors of the trust, "not owners of the loans" held by the "Trust".  The economic reality, however, is that the investors are the true beneficial owners as they are entitled to the cash flows from the pools of notes.  This design is done to protect the "Investors" from any litigation arising from fraud or misrepsentations.

50.     The "Trust" is just a cash pass-through holding entity, rather than an operating company.  Moreover, while the "DBNTC" has "Nominal Title" to the loans for the "Trust"; it is the third party Servicer such as Onewest that typically exercises legal title in the name of the trustee and deceives many courts including this Court in this country.

51.     The economic realities of securitization do not track with its legal formalities; securitization is the apotheosis of legal form over substance, but punctilious respect for formalities is critical for securitization to work.

52.     The Servicers, like "INDYMAC" or "ONEWEST", are merely administrative entities governed explicitly by the "Pooling and Servicing Agreement" ("hereinafter "PSA"") formed under New York Trust Laws [New York Trust Law was chosen since the body of law was

the greatest] the outline the contractual arrangement of the Parties and how collect the mortgage payments and escrow funds.[12]

53.    The "RAST 2007-A5" has signed up under oath with the Security Exchange Commission ("SEC"), and the Internal Revenue Service ("IRS"), as mortgage asset "pass-through" entities wherein they can never own the mortgage loan assets in "RAST 2007-A5". This allows 'RAST 2007-A5" to qualify as a Real Estate Mortgage Investment Conduit ("REMIC") rather than an ordinary Real Estate Investment Trust ("REIT"). As long as the "RAST 2007-A5" is a qualified "REMIC", no income tax will be charged to the "RAST 2007-A5". This is very favorable to Investors, and helps to fuel the massive volumes of sales for these investment vehicles.

54.    Importantly, "DBNTC" as "Trustee" and in the case at bar as "Custodian of Records", must  assigned mortgages and record the investors name as the beneficiaries of the "RAST 2007-A5" in the year "Closed" 2007.[13]

55.    Every mortgage assignments into the "MBS" [RAST 2007-A5] should be publicly recorded in the County where the property is located [Riverside County California as the case at bar]. It is to include an assignment in the name of the "Trust" ["Residential Asset Securitization Trust 2007-A5, Mortgage Pass-through Certificates, Series 2007-E, under the pooling and servicing agreement dated March 1, 2007."]. Plaintiff's "Deed of Trust Assignment" would have had been publicly recorded in the year 2007.

56.    Under New York statutory law, any action undertaken by a trust that is not within the authorized powers of a trust is void.[14] In the context of mortgage securitization trusts, the trust agreements ("PSA") expressly limit the trustees' authority to adherence with the provisions of the I.R.S. R.E.M.I.C. Code, mortgage securitization trusts are not authorized to operate in violation of the I.R.S. R.E.M.I.C. Code. An analogous case is *In re Olney's Estate* where a trustee was liable for operating outside his specifically limited authority.[15]

---

[12] *See* Request for Judicial Notice No. 1, Exhibit 2, "PSA".
[13] *See* Request for Judicial Notice No. 1, Exhibit 2 (Page 44 of 119), Section 2 of the Pooling and Servicing Agreement –conveyance of Mortgage Loans.
[14] McKinney's Consolidated Law of New York Annotated, Estates Powers and Trusts Laws § 7-2.4 (2002); *see* Allison & Ver Valen Co. v. McNee, 9 N.Y.S.2d 708 (N.Y. Sur. 1939).
[15] In re Olney's Estate, 20 N.Y.S.2d 884 (N.Y. Sur. 1940).

57.    "RAST 2007-A5" is a Real Estate Mortgage Investment Conduit ("REMIC").  A "REMIC" is a tax favored pass-through trust with strict rules.  A qualified mortgage must be purchased by the REMIC within 3 months of the "Cut-Off Date" for the Loan Trust. IRC § 860G(a)(3)(A)(i)-(ii) (2006).  If it is contributed after this window, it must qualify as a "qualified replacement mortgage." IRC § 860G (a)(4)(A)-(B)(2006).

58.    A "qualified replacement mortgage" must be traded for a defective obligation and may not be conducted more than two years after the startup date. 26 U.S.C. 860G (a)(4)(B)(ii)(2006).

59.    As "Trustee" for the Issuing Entity, "DBNTC" lacked the power to acquire or take assignment of any mortgage outside of the 3 month period following the "REMIC Cut-Off Date" of 3-1-2007.

60.    Plaintiff's mortgage, purportedly assigned to the Loan Trust after this period, is a "Prohibited Transaction" which jeopardizes the favorable tax status accorded a REMIC.  This transaction is in contradiction to the "PSA" formed under the New York Trust Laws and is therefore VOID.

61.    An Assignment, dated September 20th, 2010, and as submitted to this Court with a declaration by "affiant" Brian Barnhill, [3 years 6 months after trust closing] is "ultra vires"[16].  In this scenario, even if the foreclosing entity produces a copy of a note, or even an alleged original, the mortgage loan was not conveyed into the trust under the strict New York Trust Law requirements of the "SEC" filed documents for the trust or the "REMIC" requirements of the "IRS".

62.    Consequentially, the end result would be that the required "RAST 2007-A5" asset, or any part thereof (mortgage note or security interest), would not have been legally transferred to the trust to allow the trust to ever even be considered a "holder" of a mortgage loan.

---

[16] See Request for Judicial Notice No. 2, Exhibit G.

63.     Neither the "Trust" nor the "Trustee" will ever have "Standing or be a "Real Party in Interest" before this Court as evidenced by this Court's Order denying Deutsche Bank's Motion for Relief from the Automatic Stay.

64.     The transfer of mortgage loans into the 'RAST 2007-A5' Trust [in which "DBNTC" is the Trustee] after the "Cut Off Date" [in this case 3-1-2007], impairs the trust's "REMIC" tax exempt status, and this trust may owe millions of dollars to the "IRS" and the State of California as the income maybe taxed at of one hundred percent (100%).

## THE MOTION FOR RELIEF FROM AUTOMATIC STAY INCLUDED FRAUDULENT DOCUMENTS MANUFACTURED FOR THE COURT

65.     Plaintiff's styled "NOTE" and styled "Security Interest" assignments were fraudulently proffered on or about September 23, 2010 for this Court and after the filing bankruptcy filing of Plaintiff weeks prior to the August 31, 2010 filing.

66.     The fraudulent act was done with intent to deceive this Court by attempting to transfer through a "MERS" as nominee of "UAMCC" an assignment to "DNBTC" as nominee of "RAST 2007-A5" years after it was possible by the "PSA".   Any transfer into a "REMIC" trust after that "REMIC's" "Cut Off" and "Closing Dates" is a violation of the SEC offering Documents and the strict New York Trust Laws and are VOID".

67.     Plaintiff was never informed of the nature of the undisclosed multilevel securitization scheme.  Plaintiff was  deliberately induced into signing a "Negotiable Instrument" which was never intended as such, but as intended as collateral for a "MBS".

68.     The fact that this styled loan document was meant to fund a "MBS" was a "Material Disclosure" which was deliberately and intentionally undisclosed in the "NOTE" and the "DOT". Failure to disclose the identity of the true lender at closing was also a "Material Disclosure"; the nature of which would make the contract voidable under California contract law.

69.     Such transfer would indicate that an "undisclosed yield premium" ("hereinafter "YSP"") was not disclosed to Plaintiff in closing Real Estate Settlement Documents and constitutes violation the Truth and Lending Laws ("hereinafter "TILA"").

70.    As required by the "SEC" filings, "RAST 2007-A5" has a Pooling and Servicing Agreement ("PSA") which was dated March 1, 2007. The purpose the "PSA" is for the administration, distribution of funds to the investors, conveying the "Mortgage Loan Files" for a complete chain of title, and the obligations of the "Trustee" in administering the "MBS".

71.    The investors who put up money for the "RAST 2007-A5" and who received the "MBS Certificates" or "Bonds" are not parties to the "PSA". These "Certificate Holders" do not own the pools of "Notes", but are entitled to the cash flows generated.

72.    The Investor continues to receive cash flows from any "Note" in default, and they as "beneficiary do not notice a default".

73.    Plaintiff's mortgage was never part of "RAST 2007-A5" as ["Onewest Bank FSB" as Movant], and ["Onewest Bank FSB" as servicing agent of Deutsche Bank] represented to this Court. The assignment of mortgage loan into the trust did not occur and could not occur on or about September 20th, 2010, wherein the "MBS" Cut-Off Date" was sometime in March 1, 2007.

74.    Pursuant to the Custodial Agreement between the Custodian and the Trustee, the "Document Custodian" is required to hold the related Mortgage Loan documents [Loan Level Files as requested in "Deutsche Bank National Trust Company's Subpoena" sent by Debtor] on behalf of the Trustee in an individual file, separate from other mortgage loan files held by the Custodian, and is required to maintain the said documents in a fireproof facility intended for the safekeeping of mortgage loan files[17].

75.    Here, the "NOTE" and the "Security Interests" were severed or bifurcated when the "Deed of Trust" was fraudulently assigned to "MERS" as nominee for "UMACC".

76.    "UMACC" never loaned any money to the Plaintiff. "MERS" was never a beneficiary under the "Note". "MERS" purportedly held the Mortgage as "nominee" for UMACC, and was the putative assignee which conveyed deed of trust to "DBNTC" on September 20, 2010 and after the date of filing of this Bankruptcy.

---

[17] See Request for Judicial Notice No. 1, Exhibit 1 (Page 60-61, "The Trustee"]

COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW SECURED CLAIM

77.      Such assignment was done by an employee of "INDYMAC SERVICER" a subsidiary of "Onewest Bank FSB", not by "UAMCC" who allegedly already assigned their beneficial interest years before ["UAMCC" represented in a letter in January 2010 that on December 21, 2006 "UAMCC" sold to Opteum Financial Services December 2006 the "Note" and "Servicing Rights"].

78.      Since then, the only party who could authorize the 'mortgage assignment' for a 'bankrupt mortgage assignee' would be the "Bankruptcy Trustee".  In this case, "MERS" mortgage has been assigned on behalf of a bankruptcy entity, and as such a criminal violation of the bankruptcy code had occurred.

79.      An assignment from "MERS" was a legal nullity.  "MERS" never had an interest in this fraudulently conveyed "Deed of Trust" and "NOTE".

80.      The "MERS" assigned mortgage was prepared by an agreement between the Defendants.  These Defendants used false information regarding the individuals executing such mortgages and assignments, holding such individuals out to be officers of "MERS".

### FIRST CLAIM FOR RELIEF
### [Declaratory Relief to Determine an Interest in Property]
### [F.R.B.P 7001(2) and 7001(9)]

81.      Plaintiff re-alleges and incorporates the allegations contained in the preceding paragraphs as though set forth at length herein.

82.      Plaintiff alleges that he holds an interest in the Property free and clear of any interest of defendants, in that the lien evidenced by the "Deed of Trust" and its subsequent assignments has no value since it is wholly 'unsecured', and that accordingly, the "Deed of Trust" is 'null and void'.

83.      Plaintiff is informed and believes that Defendants allege that the "Deed of Trust" cannot be determined to be 'null and void' because it is secured by the Property which is Plaintiff's principal residence and is not wholly unsecured.

84.      Plaintiff is informed and believes and thereon alleges that Defendants dispute the contention alleged herein.

COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW SECURED CLAIM

85.    An actual controversy exists between Plaintiff and Defendants with regard to the validity, nature and extent of their interests in the "Subject Property".

86.    It is necessary that this Court declare the actual rights and obligations of the parties and make a determination as to the validity, nature and extent of Defendants' interest in the Property.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    That the Court determine the nature and extent and validity of Defendants' interest in the real property located at 43277 Sentiero Drive Indio, California 92203;

2.    That the Court determine that the amount of the lien secured by the "Deed of Trust" described herein is zero;

3.    That the Court determine that the claim owed to "DBNTC" by Plaintiffs is wholly unsecured;

4.    That the Court determine that the "Deed of Trust" is null and void;

5.    For attorney fees and costs of suit incurred herein; and

6.    For such other and further relief as the court deems just and proper.

## SECOND CLAIM FOR RELIEF
### [Declaratory Relief to Determine Status of Deutsche Bank Claim]
### [11 U.S.C. § 506 and F.R.B.P 7001]

87.    Plaintiff re-alleges and incorporates the allegations contained the preceding paragraphs as though set forth at length herein.

88.    Plaintiff alleges that the lien evidenced by the "Deed of Trust" has no value since it is wholly unsecured; that "DBNTC's" claim is not allowable as a secured claim, and that accordingly, the "Deed of Trust" and its subsequent assignments are null and void.

89.    Plaintiff is informed and believes that "DBNTC" alleges the "Deed of Trust" cannot be determined to be null and void because it is secured by the Property which is Plaintiff's principal residence and is not wholly unsecured.

90.    Plaintiff is informed and believes and thereon alleges that "DBNTC" disputes the contention alleged herein.

91.    An actual controversy exists between Plaintiff and "DBNTC" with regard to the status of its claim as secured, unsecured or void.

92.    It is necessary that this Court declare the actual rights and obligations of the parties and make a determination as to whether "DBNTC's" claim against Plaintiff shall be allowable as secured or unsecured.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That the Court determine the nature and extent and validity of Defendants' interest in the real property located at 43277 Sentiero Drive Indio, California 92203;

2. That the Court determine that the amount of the lien secured by the "Deed of Trust" is zero;

3. That the Court determine that the claim owed to "DBNTC" by Plaintiffs is wholly 'unsecured';

4. That the Court determine that the "Deed of Trust" is null and void;

5. For costs of suit incurred herein; and

6. For such other and further relief as the court deems just and proper.

### THIRD CLAIM FOR RELIEF
### [As to Defendant DBNTC]
### [15 U.S.C. § 1641(g)]

93.    Plaintiff re-alleges and incorporate the allegations contained in the preceding paragraphs as though set forth at length herein.

94.    On or about September 20, 2010, "MERS" purportedly assigned the "Deed of Trust" to Defendant "DBNTC" presented it to this Court by affidavit and recorded such assignment in the Riverside County Recorder's Office.

95.    In May 2009, "The Helping Families Save Their Homes Act of 2009" was enacted into law that calls for notice to the consumer when a "mortgage loan" is transferred or assigned. The provision was effective immediately and violations are subject to Truth and Lending Act ("hereinafter "TILA"") liability.

96.    15 USC § 1641 was amended by adding at the end the following:

(g) **NOTICE OF NEW CREDITOR**

(1)  IN GENERAL.- In addition to other disclosures required by this title, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including-

(A)   The identity, address, telephone number of the new creditor;

(B)   The date of transfer;

(C)   How to reach an agent or party having authority to act on behalf of the new creditor;

(D)   The location of the place where transfer of ownership of the debt is recorded; and

(E)   Any other relevant information regarding the new creditor.

97.    From the record, it appears that "DNBTC" became the new owner or assignee on September 20, 2010.

98.    To date, Plaintiff has not received any notice as required by 15 U.S.C. § 1641(g).

WHEREFORE, Plaintiff prays for judgment against Defendant "DBNTC" as follows:

1.    Statutory damage in the amount of $4,000.00;

2.    For attorney fee and costs of suit incurred herein; and

3.    For such other and further relief as the court deems just and proper.

**FOURTH CLAIM FOR RELIEF**
**[As to All Defendants]**
**[Fraud in Conveyance]**

99.    Plaintiff re-alleges and incorporates the allegations contained in the preceding paragraphs as though set forth at length herein.

100.    "MERS" as a Nominee for "UMACC" purportedly assigned the "Deed of Trust", together with "Note" to "DBNTC".

101.    "MERS" was and is a "Foreign Corporation", having no authority to conduct business in the State of California, fraudulently acted as nominee for "UMACC" and as beneficiary under the "Deed of Trust" without Plaintiff's consent.

102.    Upon information and belief, Plaintiffs therefore allege that neither "MERS" nor "DBNTC" paid any consideration for the "Promissory Note".  Assuming *Arguendo* that if "DBNTC" purchased the "Promissory Note" and paid "MERS", such assignment would constitute fraudulent conveyance.

---

COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW SECURED CLAIM

103.    All Defendants mentioned herein participated in the fraud by processing falsified assignments of the "Deed of Trust".

104.    "DBNTC" falsely represented to Plaintiff that they received valid assignment of "Deed of Trust" and enforceable endorsement of the "Promissory Note" to procure payments from Plaintiff that they were not entitle to receive.

105.    The representations made by said Defendants were in fact false.  The true facts were that "MERS" could not act as a nominee for "UMACC" in receiving the assignment of "Deed of Trust".  In fact, "MERS" had no interest in the "Promissory Note" and could not assign or enforce the "Promissory Note". ["MERS" could not assign "UAMCC's" interest as proffered as "UAMCC" wrote to Plaintiff that they sold all their interests in December 2006].

106.    Plaintiff, at the time these representations were made by Defendants and at the time Plaintiff took the actions alleged herein, was ignorant of the falsity of the Defendants' representations and believed them to be true.  In reliance on these representations, Plaintiff was induced to make payments to these Defendants when they were not entitled to such money.

107.    The aforementioned conducts of the Defendants were intentional misrepresentation, deceit, or concealment of material fact known to the Defendants with the intention on the part of the Defendants of thereby depriving the Plaintiffs of property or legal rights or otherwise causing injury, and was despicable conduct that subjected the Plaintiff to a cruel and unjust hardship in conscious disregard of the Plaintiffs' rights, so as to justify an award of exemplary and punitive damages.

### FIFTH CLAIM FOR RELIEF
**[As to All Defendants and All Persons Claiming by,
Through, or Under Such Person, All Persons Unknown, Claiming Any Legal
Or Equitable Right, Title, Estate, Lien, or Interest in the Property
Described in the Complaint Adverse to Plaintiffs' Title Thereto and DOES 1-150]
[LIBEL]**

108.    Plaintiffs re-allege and incorporate the allegations contained in the preceding paragraphs as though set forth at length herein.

COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW SECURED CLAIM

109.    The conduct of Defendants constitutes libel that tends to defame, disparage, and injure Plaintiff in his business and reputation and has also caused pain and suffering.

110.    Such libel has occurred on a continuing basis from approximately July 2009 through the present.

111.    As a result of Defendants' acts and omissions, Plaintiffs have been injured in an amount yet to be ascertained.

112.    The conduct of these Defendants as alleged herein was willful, fraudulent, malicious, and oppressive.  As a result, Plaintiffs request an award of punitive damages.

**SIXTH CLAIM FOR RELIEF**
**[As to Deutsche Bank and All Persons Claiming by,**
**Through, or Under Such Person, All Persons Unknown, Claiming Any Legal**
**Or Equitable Right, Title, Estate, Lien, or Interest in the Property**
**Described in the Complaint Adverse to Plaintiffs' Title Thereto and DOES 1-150]**
**[QUIET TITLE]**

113.    Plaintiff re-alleges and incorporate the allegations contained in the preceding paragraphs as though set forth at length herein.

114.    Plaintiff is the owner of the 43277 Sentiero Drive Indio, California 92203, real property now held by the Plaintiffs' estate.

115.    The basis of Plaintiff's title is a deed granting [Grant Deed] the above-described property in fee simple to Plaintiff.

116.    Plaintiff is informed and believes and on such information and belief alleges that Defendant "DBNTC" and  DOES 1-150  and all persons claiming, by, through, or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the Complaint adverse to Plaintiffs' title thereto, claim an interest adverse to Plaintiff in the above-described property as adverse interest the holder of a deed of trust against the subject property.

117.    The styled "DOT" was recorded on November 17, 2006 in the Official Records of the County of Riverside, as document number 2006-0853245.  Some of the Defendants including "DBNTC", "MERS"  and unknown defendants, specifically those additionally designated as DOES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1-150, inclusive claim interests in the property adverse to Plaintiffs as assignees and successors of

Defendants.

WHEREFORE, Plaintiff is seeking to quiet title as of a date to be determined;

For attorney fees and costs of suit incurred herein; and,

For such other and further relief as the court deems just and proper.

DATED: 12/27/2010                                        Respectfully Submitted;

_____
GARY HARRE, ESQ.
Attorney for Debtor

COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW SECURED CLAIM

1

**VERIFICATION**

2

3          I verify that the foregoing Adversary Complaint has been reviewed by me; and that the

4   allegations therein are true and correct to the best of my knowledge, information, and belief.

5          I declare under penalty of perjury that the foregoing is true and correct.  Executed on this

6   27th Day of December in Indio, California.

7

8                                                          _____
                                                                   Brian W. Davies

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28