| Chapter 7 Trustee Name, Address, Telephone & Fax Numbers | For Court Use Only |
|---|---|
| P.J. Zimmermann, Trustee<br>31566 Railroad Canyon Road #306<br>Canyon Lake CA 92587<br>(951) 244-8544 Telephone<br>(951) 244-8454 Facsimile<br>Email: pjzimmzimm@aol.com | |
| **UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA** | **RIVERSIDE DIVISION** |
| In Re:<br><br>BRIAN WILLIAM DAVIES,<br><br><br><br>Debtor. | Chapter 7<br>Case No. 6:10-bk-37900-SC<br><br>NOTICE OF MOTION AND MOTION BY TRUSTEE TO SET-ASIDE\RECONSIDER ORDER GRANTING DEBTOR'S MOTION TO COMPEL ABANDONMENT OF PROPERTY BY THE TRUSTEE AND TO WITHDRAW THE TRUSTEE'S NO ASSET REPORT<br><br>DATE: July 13, 2011<br>TIME: 11:00 a.m.<br>CTRM: 126 |

TO THE HONORABLE SCOTT C. CLARKSON, THE UNITED STATES TRUSTEE, DEBTOR, AND DEBTOR'S ATTORNEY:

NOTICE IS HEREBY GIVEN that P.J. Zimmermann, the Trustee of the above entitled estate, has filed a motion to set-aside/reconsider order granting Debtor's motion to compel abandonment of property by the Trustee and to withdraw the Trustee's no asset report. <u>The matter is scheduled for hearing on July 13, 2011 at 11:00 a.m. in Courtroom 126 of the U.S. Bankruptcy Court located at 3420 Twelfth St., Riverside, CA 92501.</u>

FURTHER NOTICE is given that any interested party opposing this

motion must file a written response with the above-entitled court and serve a copy on the Trustee, P. J. Zimmermann, at 31566 Railroad Canyon Road, #306, Canyon Lake, California 92587, no later than fourteen (14) days prior to the hearing and appear at the hearing pursuant to Local Bankruptcy Rule 9013-1. Failure to file a timely written objection may waive your right to object.

## MOTION

The Trustee requests that the order by the Debtor compelling abandonment of all property by the Trustee be set-aside or reconsidered and amended to only include real property based on the following facts:

1. The Debtor, Brian Davies, filed his Chapter 7 bankruptcy on August 31, 2010. The Debtor filed an amended schedule B on September 27, 2010 stating that a judgment entered on 10/29/2007 against Carolyn Ko (hereinafter ''Ko judgment'') had no value and a second amended schedule C on September 29, 2010 exempting his home.  A copy of schedule B and C are attached herein as Exhibit ''A'' and ''B''.

2. At the 341A hearing on October 15, 2010, the Debtor reiterated that the judgment was not collectible and provided the Trustee with documents regarding the collection agency. The potential litigation regarding Debtor's home was discussed and the Trustee stated that she had no interest in the litigation and would not oppose an abandonment motion regarding the real property. On or about November 26, 2010, the Trustee filed a no asset report.

3. On March 14, 2011, the Debtor filed a motion to compel abandonment and received an order compelling abandonment of all property by the Trustee on April 7, 2011. A copy of said order is attached herein as Exhibit C.

4. Shortly after the order was signed granting the abandonment of all property, the Trustee received an offer to purchase the Ko judgment. On or about May 3, 2011, the Trustee contacted the Global Capital Law firm and talked to an attorney about amending the abandonment order to just include the real property. The attorney agreed, however nothing has been done.

5. Given that the bankruptcy estate has an opportunity to sell the non-exempt Ko judgment, the Trustee requests that the order compelling abandonment be set aside or in the alternative that the order be amended to only include real property. The Trustee also requests that her no asset report filed on October 26, 2010 be withdrawn.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct to the best of my knowledge.

Wherefore, the Trustee requests that the court set aside both the order compelling abandonment and the Trustee's no asset report or alternatively amend the order compelling abandonment to just include real property and for such other and further relief as this court deems just and proper.

Dated: 6-20-11

P. J. Zimmermann, Trustee

B6B (Official Form 6B) (12/07) - Cont.

In re **Brian William Davies**, Debtor    Case No. **6:10-bk-37900**

## SCHEDULE B - PERSONAL PROPERTY - AMENDED
(Continuation Sheet)

| Type of Property | NONE | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | Fidelity IRA Acct#6252 & 0428 | - | 84.53 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | | Judgement against Carolyn Ko entered 10/29/2007 as part of the divorce Debtor was awarded 2.7 Million. Debtor signed over the award money to a collection agency to collect the money. If collection agency collects the debt, debtor gets half and collection agency gets half of what is collected. Respondent in case has disappeared and a skip trace has been placed. Likelihood of collection is unknown. | - | 0.00 |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

Sub-Total >   84.53
(Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com    EXHIBIT A    Best Case Bankruptcy

B6C (Official Form 6C) (04/10)

In re **Brian William Davies**        Case No. **6:10-bk-37900**

Debtor(s)

## 2nd Amended - SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
☐ 11 U.S.C. §522(b)(2)
☒ 11 U.S.C. §522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds $146,450.*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| APN:601-710-020<br>43277 Sentiero Dr<br>Indio, CA 92203<br>Foreclosure Process<br>All Unsecured Debt | C.C.P. § 704.730 | 75,000.00 | 251,976.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| El Paseo Bank<br>Checking Acct#6338 | C.C.P. § 704.070 | 1,000.00 | 1,000.00 |
| Chase<br>Acct#8355 | C.C.P. § 704.070 | 9.83 | 9.83 |
| Wells Fargo<br>Acct#9005<br>Acct#5259 | C.C.P. § 704.070 | 1.00 | 1.00 |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| Fidelity IRA<br>Acct#6252 & 0428 | C.C.P. § 704.115(a)(1) & (2), (b) | 84.53 | 84.53 |
| | Total: | 76,095.36 | 253,071.36 |

*Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.
Schedule of Property Claimed as Exempt consists of 1 total page(s)

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - www.bestcase.com      Best Case Bankruptcy


EXHIBIT B

GLOBAL CAPITAL LAW, PC
Gary Harre, SBN 86938
Diane Beall, SBN 86877
8700 Warner Avenue, Suite 200
Fountain Valley, CA 92708
Telephone: (714) 907-4182
Facsimile: (714) 907-4175

Attorneys for Debtor

**FILED & ENTERED**

APR 07 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY hallock    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## RIVERSIDE DIVISION

In re:

BRIAN WILLIAM DAVIES,

        Debtor

Case No. 10-37900-SC

Chapter 7

**ORDER GRANTING DEBTOR'S MOTION TO COMPEL ABANDONMENT OF PROPERTY BY TRUSTEE**

    On March 14, 2011, Brian William Davies (the "Debtor") filed his Motion to Compel Abandonment of Property by Trustee in this case.

    The Debtor having filed a declaration on April 1, 2011 stating that he has not received any opposition nor any objection to his Motion, and for good cause shown,

    **IT IS HEREBY ORDERED** that the Debtor's Motion to Compel Abandonment of Property by Trustee is **GRANTED**.

###

*/s/ Scott C. Clarkson*

DATED: April 7, 2011

United States Bankruptcy Judge

ORDER GRANTING DEBTOR'S MOTION TO COMPEL ABANDONMENT OF PROPERTY BY TRUSTEE
- 1 -

**EXHIBIT C**

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
31566 Railroad Canyon Road, #306, Canyon Lake, CA 92587

A true and correct copy of the foregoing document described as ***Notice of Motion and Motion by the Trustee to Set-Aside\Reconsider Order Granting Debtor's Motion to Compel Abandonment of Property By Trustee and to Withdraw the Trustee's No Asset Report*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 20, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

U.S. Trustee – ustpregion16.rs.ecf@usdoj.gov
Ramesh Singh – claims@recoverycorp.com
Gary L. Harre – ghcmecf@gmail.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On June 20, 2011 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
**Served by U.S. Mail:**

Brian W. Davies
43277 Sentiero Dr.
Indio, CA 92203

Honorable Scott C. Clark
U.S. Bankruptcy Court – Central District
411 W. Fourth St., Suite 5130\Courtem 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 20, 2011 | Diana Castillo | *[signed]* Diana Castillo |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                      F 9013-3.1.PROOF.SERVICE