Diane Beall (86877)
Gary Harre (86938)
John Bauer (91471)
8700 Warner Avenue, Suite 200
Fountain Valley, CA 92708
Phone: (949)-209-8957
Email: ghcmecf@gmail.com

Attorneys for Debtor and Appellant,
Brian W Davies

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

In re:
BRIAN W DAVIES,
        Debtor.

_

**Chapter 7**

**Bk Case No. 6:10-bk-37900**

**Bap No. CC-11-1353**

**NOTICE OF HEARING FOR THE EMERGENCY MOTION OF APPELLANT BRIAN W DAVIES FOR STAY PENDING APPEAL OF THE ORDER DENYING IN PART AND GRANTING IN PART TRUSTEE'S MOTION TO SET ASIDE/RECONSIDER ORDER GRANTING DEBTOR'S MOTION TO COMPEL ABANDONMENT OF PROPERTY BY THE TRUSTEE AND TO WITHDRAW THE TRUSTEE'S NO ASSET REPORT**

[Emergency Hearing Requested Local Bankruptcy Rule 9075-1(a)]

Date: July 25, 2011
Time:   11am
Place:    Room 126

3420 Twelfth Street
Riverside, California

**HON. SCOTT C CLARKSON**

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that the Hearing on the:

**NOTICE OF HEARING FOR THE EMERGENCY MOTION OF APPELLANT BRIAN W DAVIES FOR STAY PENDING APPEAL OF THE ORDER DENYING IN PART AND GRANTING IN PART TRUSTEE'S MOTION TO SET ASIDE/RECONSIDER ORDER GRANTING DEBTOR'S MOTION TO COMPEL ABANDONMENT OF PROPERTY BY THE TRUSTEE AND TO WITHDRAW THE TRUSTEE'S NO ASSET REPORT** has been scheduled for July 25, 2011 at 11 am in Courtroom 126 located at 3420 Twelfth Street Riverside, CA. Any interested parties may present objections on the date of the hearing. Notice by telephone given to Trustee Zimmerman at 951-244-8544.

Respectfully Submitted

Dated: July 20, 2011

/s/ Diane Beall

_____

DIANE BEALL
Attorney for Appellant,  Brian W. Davies

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 8700 Warner Avenue, Fountain Valley, California 92708

A true and correct copy of the foregoing document described as notice of **NOTICE OF EMERGENCY MOTION OF APPELLANT BRIAN W. DAVIES FOR STAY PENDING APPEAL OF THE ORDERS GRANTING  DENYING IN PART AND GRANTING IN PART TRUSTEE'S MOTION TO SET ASIDE/RECONSIDER ORDER GRANTING DEBTOR'S MOTION TO COMPEL ABANDONMENT OF PROPERTY BY THE TRUSTEE AND TO WITHDRAW THE TRUSTEE'S NO ASSET REPORT** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING** ("NEF") - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On NOTICE OF APPEAL I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**Diane Beall** attorneydianebeall@gmail.com

**Gary L Harre** ghcmecf@gmail.com
**United States Trustee** (RS)   ustpregion16.rs.ecf@usdoj.gov
**Patricia J Zimmermann** (TR)pjztrustee@aol.com,
pzimmermann@ecf.epiqsystems.com

**II. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 20, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Copy
maileD To Trustee Zimmer Mm

**Honorable Scott C. Clarkson**
**411 West Fourth Street, Suite 5130**
**Santa Ana, CA 92701-4593**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 20, 2011 | Emily Kehm | /s/ EmilyKehm |
|---|---|---|
| Date | Type Name | Signature |

Gary Harre(86938)
Diane Beall(86877)
John Bauer (91471)
8700 Warner Avenue, Ste. 200
Fountain Valley, CA 92708
Phone: (949) 209-8957

Email: ghcmecf@gmail.com

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### RIVERSIDE DIVISION

In re:                                    ) **Chapter 7**
BRIAN W DAVIES,                           )
              Debtor.                     ) **Bk Case No. 6:10-bk-37900**
                                          )
                                          ) **Bap No. cc-11-1353**
_____            )
                                          ) **EMERGENCY MOTION OF**
BRIAN W. DAVIES,                          ) **APPELLANT BRIAN W. DAVIES**
                                          ) **FOR A STAY PENDING APPEAL**
              Appellant,                  ) **OF THE ORDER DENYING IN**
                                          ) **PART AND GRANTING IN PART**
PATRICIA ZIMMERMAN                        ) **TRUSTEE'S MOTION TO SET**
                                          ) **ASIDE/RECONSIDER ORDER**
    Chapter 7 Trustee,                    ) **GRANTING DEBTOR'S MOTION**
                                          ) **TO COMPEL ABANDONMENT OF**
              Appellee.                   ) **PROPERTY BY THE TRUSTEE**
                                          ) **AND TO WITHDRAW THE**
                                          ) **TRUSTEE'S NO-ASSET REPORT**
_____            )
                                          ) [Emergency Hearing Requested Pursuant
                                            to Local Bankruptcy Rule 9075-1(a)]

                                          Date:
                                          Time:
                                          Place: Courtroom 5C (Santa Ana)
                                          **HON. SCOTT C CLARKSON**

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES
BANKRUPTCY JUDGE, AND ALL INTERESTED PARTIES:**

Appellant Brain W. Davies, the debtor in the above captioned bankruptcy case ("Davies"), respectfully moves this Court on an emergency basis pursuant to Local Bankruptcy Rule 9075-1(a) for the entry of an order staying this Court's Order entered on June 29, 2011:

*"ORDER DENYING IN PART AND GRANTING IN PART TRUSTEE'S MOTION TO SET ASIDE/RECONSIDER ORDER GRANTING DEBTOR'S MOTION TO COMPEL ABANDONMENT OF PROPERTY BY THE TRUSTEE AND TO WITHDRAW THE TRUSTEE'S NO-ASSET REPORT."(hereinafter "The Order")*

## I.    INTRODUCTION

The case at issue is straight forward.

*Did the order entered on April 7, 2011 granting Debtor's Motion to Compel Abandonment of Property by the Trustee have a special carve out for a fully disclosed judgment against an ex spouse?*

The Trustee filed a no asset report on November 26, 2010, and the Debtor did a formal Notice of Motion and Motion to Compel Abandonment of Property by the Trustee on March 14, 2011 which was 3 months after the no asset report. There was ample time to reconsider a carve out at the appropriate time.  This simply was not the case.   Expressed abandonment of property is final as bankruptcy courts need finality to function.

## II.    STATEMENT OF FACTS

On August 31, 2010 Debtor filed for relief under Chapter 7 of the Bankruptcy Court. On October 15, 2010 the 341 hearing was held. On November 26, 2010 the Chapter 7 Trustee's Report of No distribution was filed as:

## Chapter 7 Trustee's Report of No Distribution

2

1    I, Patricia J Zimmermann (TR), having been appointed trustee of the estate
2  of the above-named debtor(s), report that I have neither received any property nor
3  paid any money on account of this estate; that I have made a diligent inquiry into
4  the financial affairs of the debtor(s) and the location of the property belonging to
5  the estate; and that there is no property available for distribution from the estate
6  over and above that exempted by law.

7    Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the
8  above-named debtor(s) has been fully administered. I request that I be discharged
   from any further duties as trustee.

9    Key information about this case as reported in schedules filed by the
10  debtor(s) or otherwise found in the case record: This case was pending for 3
11  months. Assets Abandoned (without deducting any secured claims): $ 176976.00,
12  Assets Exempt: $ 76095.36, Claims Scheduled: $ 818239.85, Claims Asserted: Not
13  Applicable, Claims scheduled to be discharged without payment (without
14  deducting the value of collateral or debts excepted from discharge): $ 818239.85.
15  Filed by Trustee Patricia J Zimmermann (TR) (RE: related document(s) 2 Meeting
16  of Creditors with 341). (Zimmermann (TR), Patricia) (Entered: 11/26/2010).

17    On March 14, 2011 a Notice of Motion and Motion to Compel
18  Abandonment of Property by the Trustee was filed and served accordingly. On
19  April 1, 2011 a Declaration Re: Entry of Order without Hearing pursuant to LBR
20  9013-1(o) was filed and on April 7, 2011 an Order Granting Debtor's Motion to
21  Compel Abandonment of Property was entered.

22    On June 20, 2011 the Trustee filed a Notice of Motion and Motion to set-
23  aside/reconsider Order Granting Debtor's Motion to Compel Abandonment of
24  Property by the Trustee and to Withdraw the Trustee's No-Asset Report. On June
25  23, 2011 Debtor filed an Opposition to the Trustee's Motion. On Friday June 29,
26  2011 and prior to the scheduled July 13, 2011 hearing "The Order" was entered.
27  On Saturday July 3, 2011 the Trustee filed a Notice of Assets and mailed out Proof
   of Claims.

28    On July 8, 2011 a Notice of Appeal was filed by the Debtor to determine

3

whether the formal expressed abandonment order 11 U.S.C. 544(b) included all property listed as property on Debtor's Schedules, and whether the Court made a clear error in finding that the judgement listed on the Debtor's schedule was appropriately determined to be the property of the Trustee.

## III. PROCEDURAL BACKGROUND

### A. Procedure and Standard Governing Stays Pending Appeal.

Fed. R. Bankr. P. Rule 8005 permits this Court to grant relief, including a stay of a judgment order or decree pending appeal, in order to preserve the affected parties' rights. Specifically, Rule 8005 provides that "the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest."

In order to obtain a stay pending appeal, a party must first present its motion requesting the stay to the bankruptcy judge. *Id.* On July 8, 2011 Debtor Brian W. Davies commenced his appeal of the "The Order".

Davies seeks a stay of the order pending the outcome of the Appeal to the Bankruptcy Appellate Panel, as the efficient actions by the Trustee including the proposed sale on August 10, 2011 would effectively eliminate the judgment which is being sold at auction.

### B. Procedure and Standard Governing Stays Pending Appeal.

In order to determine whether a stay pending appeal is appropriate under Fed.R. Bankr. P Rule 8005, courts must examine and balance:

(1) the appellant's likelihood of success on the merits,

(2) whether the appellant will suffer irreparable harm if the stay is denied,

(3) whether granting they will cause substantial harm to other parties, and

(4) whether the relief requested is contrary to the public interest.

See Universal Life Church, Inc. V. United States (In re Universal Life Church, Inc.), 191 B.R. 433 (E.D. Cal. 1995); See also In re Wymer, 5

4

B.R. 802, 806 (BAP 9 Cir. 1980).

Plaintiff meets the four requirements necessary to stay the order at issue.

## C.    The Court Should Grant the Emergency Motion Since Brian W. Davies Has Met the Requirements Necessary to Obtain a Stay Pending Appeal of the Relief Order.

### *"Brian W. Davies Is Likely to Prevail on the Merits of his Appeal."*

Davies served fully disclosed Motion for Abandonment of Property. The order was entered granting formal Abandonment of Debtor's Property (the order was specific for property which also included real property). Upon abandonment, property of the estate revests in the debtor with all of the rights and obligations existing prior to the bankruptcy filing, or as if the property had never been held by the trustee as part of the estate. The effect of abandonment is that ownership and control of the asset is reinstated in the debtor with all rights and obligations as before filing a petition in bankruptcy.

If the property has been abandoned in accordance with the applicable provisions of the Bankruptcy Code and Rules, the title to the property revests back to the debtor as if it had never been held by the trustee.    8A Corpus Juris Secundum Bankruptcy § 651 (updated November 2007), citing White v. Coon (In re Purco), 76 B.R. 523 (Bankr. W.D. Pa. 1987) ("The effect of abandonment is that ownership and control of the asset is reinstated in the debtor with all rights and obligations as before filing a petition in bankrupt-cy."); The Huntington Nat'l Bank v. Hunter (In re Hunter), 76 B.R. 117, 118 (Bankr. S.D. Ohio 1987) ("if the property has been abandoned in accordance with the applicable provisions of the Bankruptcy Code and Rules, the title to the property revests back to the debtor as if it had never been held by the trustee.").

5

A number of cases recognize a general rule that abandonment is irrevocable, even if it is subsequently discovered that the abandoned property had greater value than previously believed. In re Lintz West Side Lumber, Inc., 655 F.2d 786, 789 (7th Cir. 1981); In re Ozer, 208 B.R. 630, 633 (Bankr. E.D.N.Y. 1997); In re Gracyk, 103 B.R. 865, 867 [*198] (Bankr. N.D. Ohio 1989); In re Atkinson, 62 B.R. 678, 679 (Bankr. D. Nev. 1986); In re Enriquez, 22 B.R. 934, 935 (Bankr. D. Neb. 1982).

Once an asset has been abandoned, it is no longer part of the estate and is effectively beyond the reach and control of the trustee. E.g. Ozer, 208 B.R. at 633. Courts have also noted the policy of preserving finality. E.g. Gracyk, 103 B.R. at 867.

### *"Brian W Davies Will Suffer Irreparable Harm Without a Stay."*

The likelihood that an appeal may be moot in the absence of a stay is an important factor in evaluating the potential harm to the appellant. See: In re Sunflower Racing, Inc., 225 B.R. 225 (D.Kan. 1998). Without a stay, the Debtor's property would be sold rendering the appeal of the order  moot. The failure to grant the stay requested in this Emergency Motion will result in an unjustified depletion of

an abandoned asset, which constitutes irreparable ham to Brian W. Davies.

### *"The Trustee Will Not Suffer Harm With a Stay."*

If this Court grants Brian W. Davies Emergency Motion, there will be no harm to any creditor or the Trustee.  The trustee indicated in her moving papers as [Doc 78] on June 20, 2011 that there was an offer to purchase the judgment.  The amount figures out to be $5,000 with a $500.00 deposit to be tendered deposit.

6

Ironically with the moving papers the purchase was apparently more certain. In fact the purchaser is Asset Acquisitions Partners, LLC. A brief search of this limited liability company shows that it filed on June 24, 2011 with the Florida Secretary of State. There is no indication a delay until the Appeal is completed would have any detrimental effect on the trustee or the creditors.

### *"The Public Interest Will Not Be Harmed By a Stay."*

Granting the stay will not harm the public interest, but will actually enhance it, especially if any debtor who works diligently to comply with the codes benefits from clarification of the case law on the abandonment of estate properties.

### IV. <u>CONCLUSION</u>

Debtor requests that this court stay the order allowing the trustee to proceed with a sale on the debtor's abandoned judgment. Debtor's Appeal will clarify the issues and if the stay is not granted then the asset will be lost. If the debtor prevails on the appeal, and the asset is sold then there is irreparable harm done which if delayed will not have any adverse effect on the creditors as the judgment maybe sold at a later time.

Wherefore the Plaintiff requests this Court to Stay the proceedings pending Appeal.

Dated: July 20, 2011                     Respectfully Submitted.

                                         **/s/dianebeall**
                    **By:** _____

                              DIANE BEALL
                    Attorney for Appellant, Brian W. Davies
              **PROOF OF SERVICE OF DOCUMENT**
I am over the age of 18 and not a party to this bankruptcy case or adversary

7

proceeding. My business address is: 8700 Warner Avenue, Fountain Valley, California 92708

A true and correct copy of the foregoing document described as **EMERGENCY MOTION OF APPELLANT BRIAN W. DAVIES FOR STAY PENDING APPEAL OF THE ORDERS GRANTING DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION FOR JUDGMENT ON THE PLEADINGS AND DENIAL OF PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AND OR SUMMARY ADJUDICATION** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING** ("NEF") - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On NOTICE OF APPEAL I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**Gary L Harre** ghcmecf@gmail.com

**United States Trustee** (RS) ustpregion16.rs.ecf@usdoj.gov
**Patricia J Zimmermann** (TR)pjztrustee@aol.com,
pzimmermann@ecf.epiqsystems.com

**II. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 20, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**Honorable Scott C. Clarkson**
**411 West Fourth Street, Suite 5130**
**Santa Ana, CA 92701-4593**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 20, 2011 | Diane Beall | /s/ dianebeall |
|---|---|---|
| Date | Name | Signature |

8