

**FILED & ENTERED**

**JUL 25 2011**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY zamora    DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>BRIAN WILLIAM DAVIES,<br><br>Debtor(s), | Case No.: 6:10-bk-37900-SC<br><br>Chapter: 7<br><br>**MEMORANDUM OPINION RE: MOTION FOR STAY PENDING APPEAL OF THE ORDER DENYING IN PART AND GRANTING IN PART TRUSTEE'S MOTION TO SET ASIDE/RECONSIDER ORDER GRANTING DEBTOR'S MOTION TO COMPEL ABANDONMENT OF PROPERTY BY THE TRUSTEE AND TO WITHDRAW THE TRUSTEE'S NO ASSET REPORT**<br><br>**Hearing Date:**<br>Date: July 25, 2011<br>Time: 11:00 a.m.<br>Location: Video Hearing Room 126,<br>3240 Twelfth Street, Riverside, CA 92501<br><br>and<br><br>**Ronald Reagan Federal Building & Court House, Courtroom 5C**<br>**411 West Fourth Street**<br>**Santa Ana, CA 92701** |

///

- 1

Debtor, Brian William Davies, has appealed the Court's Order entered on June 29, 2011 [Docket No. 83] determining that certain property of the estate was not abandoned by the Trustee and permitting the vacating and withdrawing of the Chapter 7 Trustee's No-Asset Report. The Debtor has moved for a stay pending appeal pursuant to Bankruptcy Rule 8005 (hereinafter the "Motion"). The Court has granted Debtor an emergency hearing on his Motion, and the Trustee has objected to the stay pending appeal. After consideration of the memoranda and oral arguments, the Court denies the request to issue a stay pending appeal.

I.  **Legal Standard for Stay Pending Appeal**

With respect to stays pending appeal, it appears that even after the Supreme Court's opinion in *Nken*[1], the Ninth Circuit essentially adheres to its "sliding scale" balancing of the traditional four factors:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent a stay;

(3) whether issuance of the stay will substantially injure the other parties interest in the proceeding; and

(4) where the public interest lies.[2]

The "sliding scale" or "continuum" aspect of this balancing requires a stronger showing of likelihood of success on appeal if there is a weaker showing of likelihood of irreparable injury.[3] Thus, while the "strong showing" of likely success on the appeal need not require a

---

[1] *Nken v. Holder*, 129 S.Ct. 1749 (2009).

[2] *Leiva-Perez v. Holder*, No. 09-71636, 2011 WL 1204334, at 2* (9th Cir. April 1, 2011). Although *Nken* and *Leiva-Perez* were decided under the statue permitting courts of appeal to stay an order from removal of an alien, 8 U.S.C. § 1252(b)(3)(B) (2006), courts in the Ninth Circuit apply the same standards to motions for preliminary injunctive relief, *Abbassi v. INS*, 143 F.3d 513 (9th Cir. 1998), and to stays pending appeal under Bankruptcy Rule 8005, *In re Dexter Distributing Corp.*, No. CV09-1099-PHX-JAT, 2009 WL 2154538, at 2* (D. Ariz. July 14, 2009).

[3] *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) ("a stronger showing of one element may offset a weaker showing of another," so that an injunction could issue based on mere showing a

- 2 -

demonstration that the appellant is more likely than not to win on the merits[4] if the probability of irreparable injury is high, the mere "reasonable probability" of success on appeal or the raising of a "serious legal question" do not suffice if the likelihood of irreparable injury is not high or the balance of hardships does not tip sharply in appellant's favor.[5]

But both the Supreme Court and the Ninth Circuit have raised the bar on the showing of irreparable injury, now requiring a showing that "an irreparable injury is the more probable or likely outcome" if the stay is not granted[6], and have noted that the trial court "is in a much better position to predict the likelihood of harm than the likelihood of success."[7]

## II.    Facts and Procedural Background

On August 31, 2010, Debtor filed for relief under Chapter 7 of the Bankruptcy Court. On November 26, 2010, the Chapter 7 Trustee's Report of No Distribution was filed. From then until March 14, 2011, the case remained generally dormant. However, on that date, the Debtor filed a pleading entitled "Notice of Motion and Motion to Compel Abandonment of Property by the Trustee", which specifically requested that this Court compel abandonment of certain real property identified as 43277 Sentiero Drive, Indio, California 92203 (the "Abandonment

---

"serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor." Citing *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003).

[4] *Leiva-Perez*, 2011 WL 124334, at 4*

[5] "At one end of the continuum, the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury…At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor." *Lopez v. Heckler*, 713 F.2d 1432 (9th Cir. 1983), rev'd in part on other grounds, 463 U.S. 1328 (1983). *Accord, In re First S. Sav. Ass'n*, 820 F.2d 700, 704 (5th Cir. 1987) ("the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of equities weighs heavily in favor of granting the stay"); *In re Pac. Gas and Elec. Co.*, No. C-02-1550-VRW, 2002 WL 32071634, at *2 (N.D. Cal. Nov. 14, 2002)("or, in an alternative formulation of the same standard, serious legal questions and a balance of hardships were the stay denied"); *WCI Cable, Inc. v. Alaska R.R. Corp.*, 285 B.R. 476, 478 (D. Or. 2002). ("At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor," citing *Lopez v. Heckler*).

[6] *Leiva-Perez*, 2011 WL 124334, at *5

[7] Id. At 6* (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1139 (9th Cir. 2011) (Mosman, D.J., concurring)).

Motion"). On April 1, 2011, this Court granted the Abandonment Motion without hearing (the "Abandonment Order").[8]

Shortly after the Abandonment Order was signed, the Trustee received an offer to purchase another asset of the estate, a scheduled judgment in favor of the Debtor, which is known as the "Ko Judgment".

On June 20, 2011, the Trustee filed a Notice of Motion and Motion to set aside/reconsider Order Granting Debtor's Motion to Compel Abandonment of Property by the Trustee and to Withdraw the Trustee's No-Asset Report.[9] On June 23, 2011, Debtor filed an Opposition to the Trustee's Motion, and on June 29, 2011, this Court entered its order amplifying that the earlier Abandonment Order only concerned the real property identified as 43277 Sentiero Drive, Indio, California 92203 (the "Real Property") and that no other estate property was involved with the Abandonment Motion and Abandonment Order.  Therefore, this Court determined (1) that the Trustee's Motion with respect to abandonment of the Ko Judgment was denied as moot; and (2) the No-Asset Report entered by the Trustee was deemed withdrawn and vacated.  On July 3, 2011, the Trustee filed a Notice of Assets and requested that creditors file their Proofs of Claim.

On July 8, 2011, a Notice of Appeal was filed by the Debtor to determine whether the Abandonment Order included all property listed as property on Debtor's Schedules, and whether the Court made a clear error in finding that the judgment listed on the Debtor's schedule was appropriately determined to be the property of the Trustee (sic).

*///*

*///*

---

[8] Interestingly, all of the parties (and at a time, this Court) have considered this particular Abandonment Order as "self-effectuating", i.e. the entry of the Order compelling the Trustee to abandon the property immediately resulted in its abandonment. Although the Debtor's Motion only sought to have the Trustee "compelled" to abandon the real property, the Trustee actually took no action to officially abandon the real property, or any other property of the estate. None of the Parties have advanced the notion that none of the estate's property, (including the Real Property) was ever abandoned by the Trustee because of her failure to follow through on the Court's initial Order to abandon the property.

### III. The Legal Question of Whether the Trustee "Abandoned" Property of the Estate.

Debtor's principal argument, and the only significant legal question presented, is in relation to the alleged abandonment of the Ko Judgment. Debtor's Emergency Motion for Stay Pending Appeal currently before this Court argues that the Abandonment Order granted formal abandonment of all estate property. As this Court has already determined, the Abandonment Motion and the Abandonment Order entered on April 7, 2011, concerned and affected only the Real Property, and not the Ko Judgment. A simple reading of the Debtor's own initial motion makes this perfectly clear. It should also be pointed out that the Trustee did not comply with the instructions of the Court to abandon the Real Property, which may be, but does not seem to be, relevant in any case vis-à-vis the Ko Judgment.[10] That issue does not need to be explored here.

Furthermore, the Trustee's initial filing of a No-Asset Report did not constitute abandonment, as this merely demonstrated the Trustee's intent to abandon.[11] In typical chapter 7 cases, actual abandonment of estate property does not occur until the case has actually been closed.

This Court agrees with Debtor's argument that a number of cases recognize a general rule that abandonment is irrevocable, even if it is subsequently discovered that the abandoned property had greater value than previously believed. *In re Lintz West Side Lumber, Inc.*, 655 F.2d 786, 789 (7th Cir. 1981). However, this argument is irrelevant, as abandonment of the Ko Judgment never occurred.

---

[10] For instance, assuming, *arguendo*, that the original Abandonment Motion and Abandonment Order had included all of the estate's property. There may be an outstanding question of whether the Court's order was self-effectuating. Perhaps none of the estate's assets (including the real property) was ever abandoned in the first place because the Trustee did not follow up on the Court's order by actually abandoning the property. It does not matter in this instance case; however, it certainly raises an interesting question.

[11] See *Tripe v. Deutsche Bank Nat'l Trust Co.* (In re Tripe), 2010 Bankr. LEXIS 5070, 11-12 (B.A.P. 9th Cir. Dec. 6, 2010) which held that filing a report of no distribution may demonstrate a trustee's intent to abandon an asset, but the report in and of itself does not result in abandonment unless the bankruptcy court closes the case.

Consequently, the Court must conclude there is no "serious legal question" arising from the Court's Order because (1) the Abandonment Order did not concern or affect the Ko Judgment (and the Trustee took no later actions of abandonment on any of the estate property in any event); and (2) filing of the Trustee's No-Asset Report does not constitute immediate abandonment of estate property. As such, the Debtor has not presented facts, argument, or legal authority showing a likelihood of success his arguments.

### A. No Likelihood of Irreparable Injury to Debtor

The Debtor valued the Ko Judgment at zero when he filed his schedules, claiming he could not locate his ex-wife and therefore was unable to collect any money. This remained true for the Debtor, even though he hired a collections agency to assist in its recovery.[12] Debtor's estimated value of the Ko Judgment, as well as the unlikelihood of its recovery, was reiterated at the 341(a) hearing. Given Debtor's own low opinion of value, Debtor's belief that he will suffer irreparable harm if the stay is denied appears disingenuous.

The Debtor argues that without a stay, the Ko Judgment will be sold, rendering the appeal moot. Furthermore, the Debtor states that failure to grant the stay will result in an "unjustified depletion of an abandoned asset, which constitutes irreparable harm to Debtor." As established above, the Court finds no serious legal question on the issue of the abandonment of the Ko Judgment. It was, simply, never abandoned. Therefore, the sale of non-exempt property of the estate will in no way irreparably harm the Debtor.

### B. The Likely Harm to Other Parties in this Case

Under Rule 8005, the court must examine and balance whether granting the stay will cause substantial harm to other parties. In this immediate case, the parties to be harmed by

---

[12] The Debtor filed an amended schedule B on September 27, 2010, stating a judgment entered on October 29, 2007, against Carolyn Ko (the "Ko Judgment") had no value. At the 341(a) hearing on October 15, 2010, the Debtor reiterated that the judgment was not collectable and provided the Trustee with documents regarding the collection agency's inability to collect.

- 6 -

granting Debtor's requested stay are likely to be the unsecured creditors of this estate. The Trustee has a buyer ready, willing and able to pay $5,000.00 for rights to try and collect a judgment which the Debtor has testified under oath to be valueless. On the other hand, if a stay were granted, there is no evidence of future value of Ko Judgment at the end of a potentially lengthy appeal process. Therefore, there is a strong likelihood of harm to the unsecured creditors if the stay pending appeal is granted.

### IV.     Conclusion

It is almost unquestionable that Debtor has not raised any "serious legal questions," and has he certainly not made a "strong showing" of likelihood of success on appeal. Even if there were a showing of likelihood of success on appeal, it does not justify a stay pending appeal in the absence of any showing of a likelihood of irreparable injury. It is a "bedrock requirement that stays must be denied to all petitioners who did not meet the applicable irreparable harm threshold, regardless of their showing on the other stay factors."[13]

The Debtor has not shown any likelihood of irreparable injury in the absence of stay, nor has it been shown that the balance of hardships tips sharply in favor of Debtor. Because Debtor has not made a strong showing of likelihood of success on appeal, and more importantly, because Debtor has failed to demonstrate any likelihood of irreparable injury, his motion for stay pending appeal is denied.

**IT IS SO ORDERED.**

DATED: July 25, 2011

United States Bankruptcy Judge

---

[13] *Leiva-Perez*, 2011 WL 124334, at *2

- 7 -

**NOTE TO USERS OF THIS FORM**:

**1)** Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
**4**) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **MEMORANDUM OPINION RE: MOTION FOR STAY PENDING APPEAL OF THE ORDER DENYING IN PART AND GRANTING IN PART TRUSTEE'S MOTION TO SET ASIDE/RECONSIDER ORDER GRANTING DEBTOR'S MOTION TO COMPEL ABANDONMENT OF PROPERTY BY THE TRUSTEE AND TO WITHDRAW THE TRUSTEE'S NO ASSET REPORT** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of July 25, 2011, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Gary L Harre    ghcmecf@gmail.com
- Christopher Hoo    choo@millerlaw.biz
- Andrew E Miller    amiller@allenmatkins.com
- Loraine L Pedowitz    lpedowitz@allenmatkins.com
- Ramesh Singh    claims@recoverycorp.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
- Patricia J Zimmermann (TR)    pjztrustee@aol.com, pzimmermann@ecf.epiqsystems.com

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

Brian William Davies
43277 Sentiero Dr.
Indio, CA 92203

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page

- 8